139 Ariz. 353 (1984)
678 P.2d 934
Patricia M. DAOU, Plaintiff/Appellee,
v.
Albert J. HARRIS, M.D., Defendant/Appellant.
No. 16693-PR.
Supreme Court of Arizona, En Banc.
February 14, 1984.
Reconsideration Denied March 6, 1984.
*355 Culbert & DeNinno by David R. Pardee, Globe, for plaintiff/appellee.
George F. Klink, Phoenix, for defendant/appellant.
HAYS, Justice.
On August 26, 1981, petitioner Patricia M. Daou filed a medical malpractice complaint against respondent Albert J. Harris, *356 M.D. Harris was personally served at his office on September 14, 1981. Harris failed to answer within the 20-day period allowed by law, see Ariz.R.Civ.P., rule 12(a), and a default was entered against him on October 6, 1981, pursuant to Ariz.R. Civ.P., rule 55(a). A hearing on damages was held November 4, 1981. Judgment by default was then entered on November 24, 1981. See Ariz.R.Civ.P., rule 55(b).
The court of appeals found the superior court lacked subject matter jurisdiction and held the default judgment void. Four issues confront us: whether the trial court had jurisdiction to enter the default judgment without referring the cause to a medical liability review panel pursuant to A.R.S. § 12-567(A), whether Harris' failure to answer was excusable under Ariz.R.Civ.P., rule 60(c), whether the damages awarded Daou were excessive, and whether a violation of rule 77(g) by the court clerk provides ground for relief from a default judgment. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and Ariz.R.Civ. App.P., rule 23. We affirm the judgment of default. The opinion of the court of appeals is vacated.
JURISDICTION ISSUE
At the time of the filing of the complaint in this case, A.R.S. § 12-567(A) provided:
Upon the filing of a complaint in any medical malpractice action, the matter shall be referred to a medical liability review panel appointed pursuant to this section. Such action shall be referred to the panel within ten days after the expiration of the time for defendant's answer except that the presiding judge may waive the review panel requirement upon stipulation of all the parties.[1]
Respondent Harris, citing Barclay v. Jones, 127 Ariz. 282, 619 P.2d 1059 (App. 1980), argues the statute mandates referral to a medical liability review panel and therefore the superior court lacked jurisdiction to enter a default judgment until the matter had been referred to a panel and the panel returned a decision. It has also been argued the ten-day period is jurisdictional and therefore the superior court had jurisdiction until ten days after the expiration of the time for defendant's answer, but not thereafter. We hold the statute is not jurisdictional, and therefore the superior court did have jurisdiction to enter a default judgment.
Article 6, section 14, of the Arizona Constitution provides that "[t]he superior court shall have original jurisdiction of: 1. Cases and proceedings in which exclusive jurisdiction is not vested by law in another court." The question, therefore, is whether A.R.S. § 12-567(A) divested the superior court of jurisdiction.
In making such a determination, the presumption is in favor of retention rather than divestiture of jurisdiction. See Dockery v. Central Arizona Light & Power Co., 45 Ariz. 434, 443, 45 P.2d 656, 659 (1935); Varnes v. White, 40 Ariz. 427, 431, 12 P.2d 870, 871 (1932); State v. Villados, 55 Hawaii 394, 520 P.2d 427, 430 (1974); Paley v. Coca Cola Co., 389 Mich. 583, 593, 209 N.W.2d 232, 235-36 (1973). "Because the divestiture of jurisdiction is a serious matter, before a party can claim that an act or statute has the effect of divesting jurisdiction which has regularly and fully vested, the law in favor of such divestment must be clear and unambiguous." Villados, supra, 520 P.2d at 430. Any doubt is resolved in favor of retention of jurisdiction. Paley, supra, 389 Mich. at 593, 209 N.W.2d at 235. Thus, this court will not simply infer that the legislature meant to divest the superior court of jurisdiction, but instead requires the legislature to enunciate such an intent explicitly and clearly.
*357 We do not find such clear language in A.R.S. § 12-567(A). First, we presume that the legislature, when it passes a statute, knows the existing laws. E.g., Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School, 102 Ariz. 69, 72, 424 P.2d 819, 822 (1967). We presume, therefore, that when passing A.R.S. § 12-567(A), the legislature knew of rule 12(a) (20 days to answer a complaint) and rule 55 (entry of default and default judgment). Had the legislature intended to divest the superior court of jurisdiction to enter a default judgment against a nonanswering defendant, it would have stated so explicitly. See, e.g., A.R.S. § 13-4040.
Second, Harris' interpretation of A.R.S. § 12-567(A) would thwart the policy of that provision. A purpose of the panel requirement is to help curb medical malpractice premiums by separating frivolous claims from meritorious ones and encouraging pretrial settlements. Eastin v. Broomfield, 116 Ariz. 576, 583, 570 P.2d 744, 751 (1977). To require referral to a panel  with the attendant time, effort and expense of creating and convening the panel  when a party has not answered the complaint, would certainly be contrary to that policy. This is especially true considering that the panel function is to address the issue of liability, and that a default constitutes a judicial admission of liability. E.g., Southern Arizona School for Boys, Inc. v. Chery, 119 Ariz. 277, 282, 580 P.2d 738, 743 (App. 1978); Dungan v. Superior Court, 20 Ariz. App. 289, 290, 512 P.2d 52, 53 (1973). The spirit of the act prevails. Phoenix Union, supra, 102 Ariz. at 71, 424 P.2d at 821. Harris' contention would run directly counter to that spirit.
As stated earlier, it has also been argued the ten-day period is jurisdictional and therefore the superior court had jurisdiction until ten days after the expiration of the time for defendant's answer, but not thereafter. Again, for the presumption in favor of retention of jurisdiction to be overcome, the law in favor of divestiture must be clear and unambiguous. That is not the situation in this case. The ten-day period, we believe, is not a clear attempt at jurisdictional divestment, but rather is merely an attempt to direct court procedure. See infra at 938-939. Also, to require the superior court to act within ten days after the expiration of the time for defendant's answer or lose jurisdiction simply would not further the policy of the act. There are two possibilities after the ten-day period: either the superior court would lose jurisdiction completely  which would be absurd, for the case either never would be resolved or would have to be refiled  or the court would lose jurisdiction except to refer the matter to a panel. By the latter possibility, before a default judgment could be rendered, the matter would have to be referred to a panel and then back to the court with the panel's recommendation. These actions would be meaningless where a party has not answered the complaint; to require them would make a mockery of the cost-containment policy of the act. Finally, to ensure the efficient administration of justice, courts must be able to control their own dockets. Considering the time, effort, and expense that an arbitrary ten-day "refer to a panel or lose jurisdiction" rule would place on the court and a party confronting a nonanswering defendant, the administration of justice would not be enhanced. The ten-day period is not jurisdictional. See, e.g., Williams v. Williams, 29 Ariz. 538, 542-43, 243 P. 402, 403 (1926); Western Savings & Loan Assoc. v. Diamond Lazy K Guest Ranch, Inc., 18 Ariz. App. 256, 261, 501 P.2d 432, 437 (1972) (rejecting the argument that the constitutional requirement that every case submitted to a superior court judge for his decision shall be decided within sixty days from the submission thereof is jurisdictional).
The next question is whether A.R.S. § 12-567(A) is substantive or procedural. Substantive rights created by statute cannot be enlarged or diminished by rules promulgated by this court. State v. Birmingham, 95 Ariz. 310, 316, 390 P.2d 103, 107 (1964); A.R.S. § 12-109. The *358 power to govern procedural matters for all courts, however, is vested exclusively with this court. State v. Blazak, 105 Ariz. 216, 217, 462 P.2d 84, 85 (1969); Arizona Podiatry Association v. Director of Insurance, 101 Ariz. 544, 546, 422 P.2d 108, 110 (1967); Ariz. Const. art. 6, § 5(5). Nevertheless, we have held that all legislative enactments relating to procedure shall be deemed rules of court and shall remain in effect until modified or suspended by rules promulgated by this court. Blazak, supra, 105 Ariz. at 217, 462 P.2d at 85; see A.R.S. § 12-111. It follows that applicable existing court rules take precedence over subsequently enacted statutory procedures. In the present case, therefore, to the extent A.R.S. § 12-567(A) is procedural, its provisions yield to applicable court rules, such as rule 12(a) (20 days to answer a complaint) and rule 55 (entry of default and default judgment).
An examination of A.R.S. § 12-567(A) reveals that it is in part substantive and in part a procedural direction to the superior court. The substantive law is that part of the law which creates and defines rights. E.g., State v. Birmingham, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). The provision in section 567(A) that creates a right to a review panel is substantive. The procedural law prescribes the method by which a substantive law is enforced or made effective. Id.; Sibbach v. Wilson & Co., 312 U.S. 1, 14, 61 S.Ct. 422, 426-27, 85 L.Ed. 479 (1941). The United States Supreme Court has stated further that a procedural provision "does not operate to abridge, enlarge or modify the rules of decision by which [the district] court will adjudicate its rights. It relates merely to `the manner and means by which a right to recover * * * is enforced.'" Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 446, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946) (quoting Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945)). The provision in section 567(A) providing that the case shall be referred to a review panel within ten days after the expiration of time for defendant's answer does not operate to abridge, enlarge or modify the substantive right to a review panel. Rather, that provision relates merely to the period within which the case is to go to a panel; as such it is procedural and therefore subject to the precedence of rules properly promulgated by this court.
Finally, "reasonable time limits placed by courts upon the exercise of a substantive right have uniformly been held to be procedural." Del Castillo v. Wells, 22 Ariz. App. 41, 45, 523 P.2d 92, 96 (1974). Thus, although the right to a change of judge and the right to appeal both have been construed as substantive, see id; Birmingham, supra, 96 Ariz. at 110, 392 P.2d at 776, the methods of perfecting and processing such rights are procedural, see Del Castillo, supra, 22 Ariz. App. at 45, 523 P.2d at 96; Birmingham, supra, 96 Ariz. at 112, 392 P.2d at 777. Similarly, although the right to a review panel is substantive and therefore cannot be enlarged or diminished by this court, the method of proceeding to a panel is procedural and therefore subject to rules properly promulgated by this court. Thus, Harris was bound to abide by the Rules of Civil Procedure for the Superior Courts. Harris therefore should have followed rule 12(a) and answered the complaint within twenty days after the service of the summons and complaint upon him; because he did not, the superior court was properly within its power in entering the default judgment.
RULE 60(c) ISSUE
Rule 55(c) of the Rules of Civil Procedure for Superior Courts provides that a judgment by default may be set aside in accordance with rule 60(c). We have consistently held that a motion to set aside a default judgment may be granted only when the moving party has demonstrated each of the following: that its failure to file a timely answer was excusable under one of the subdivisions of rule 60(c); that it acted promptly in seeking relief from the default judgment; and that it had a substantial and meritorious defense to *359 the action. E.g., United Imports & Exports, Inc. v. Superior Court, 134 Ariz. 43, 45, 653 P.2d 691, 693 (1982). Harris relies on rule 60(c)(1), claiming he failed to answer timely because of mistake, inadvertence, and excusable neglect.
In ruling on Harris' motion to set aside the default judgment, the trial court held that Harris failed to show excusable neglect or a substantial and meritorious defense. The law favors resolution on the merits, and therefore if the trial court has doubt about whether to vacate a default judgment, it should rule in favor of the moving party. Richas v. Superior Court, 133 Ariz. 512, 514, 652 P.2d 1035, 1037 (1982). There is also, however, a principle of finality in proceedings which is to be recognized and given effect. United Imports, supra, 134 Ariz. at 45, 653 P.2d at 693; Richas, supra, 133 Ariz. at 514, 652 P.2d at 1037. In addition, trial judges are in a much better position than appellate judges to determine these matters. Campbell v. Frazer Construction Co., 105 Ariz. 40, 41-42, 459 P.2d 300, 301-02 (1969). Thus, trial courts are given broad discretion and we will not upset a trial court's decision absent a clear abuse of that discretion. E.g., Richas, supra, 133 Ariz. at 514, 652 P.2d at 1037. Having reviewed the record, we hold that the trial court did not clearly abuse its discretion in refusing to vacate the default judgment.
Harris testified by affidavit that he was "under the mistaken advice that, because said action was filed in a county other than [his county of residence], he did not have to answer said complaint." This venue claim is not urged before us. Harris does not state where he received the "mistaken advice." It is irrelevant whether he received it from his attorney or from some other source because in the rule 60(c) context "the fault of the lawyer is attributed to the client and it is only when the attorney's refusal or failure to act is legally excusable that relief may be obtained." United Imports, supra, 134 Ariz. at 46, 653 P.2d at 694. In this case the failure to act was not legally excusable because ignorance of the rules of procedure is not the type of excuse contemplated in rule 60(c) as ground for vacating a default judgment. See Ohlinger v. United States, 308 F.2d 667 (2nd Cir.1962) (discussing Federal Rule 60(b)(1), which is identical to the rule at issue in the instant case, Ariz.R.Civ.P., rule 60(c)(1)); see also, e.g., Ben Sager Chemicals International, Inc. v. Targosz & Co., 560 F.2d 805, 809 (7th Cir.1977); Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir.1969).
Harris further claims in his affidavit that because of confusion at his office he "overlooked the matter and did not become aware of it until writs of garnishment were served upon his bank account on January 7, 1982." Harris states that when he was served with process he was without office help because his office nurse/secretary had "disappeared" after the Labor Day weekend before he was served, and that because of the confusion created at his office by this disappearance he inadvertently left the summons and complaint at his office, intending to instruct his nurse to forward them to counsel. Harris then states that thereafter he was completely involved in seeking help and assistance in his office and did not obtain such assistance until October 5, 1981.
We first note that mere carelessness is not sufficient reason to set aside a default judgment. See Beyerle Sand & Gravel, Inc. v. Martinez, 118 Ariz. 60, 63, 574 P.2d 853, 856 (App. 1978). Rather, the test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances. E.g., Walker v. Kendig, 107 Ariz. 510, 512, 489 P.2d 849, 851 (1971). When Harris received process on September 14 his office nurse/secretary had been absent approximately one and a half weeks. By this time Harris should have been aware of the confused state of the administrative procedures in his office and that he personally would have to be the one to take steps (for example, calling his attorney) to comply with the process requirements. It appears that Harris simply *360 did not give the service of process the consideration ordinarily prudent persons would give. See Schering Corp. v. Cotton, 94 Ariz. 365, 370, 385 P.2d 234, 238 (1963).
We are aware that clerical and secretarial errors, at least in large law and insurance offices, are often unavoidable and many times excusable. See, e.g., Cook v. Industrial Commission, 133 Ariz. 310, 312, 651 P.2d 365, 367 (1982). The present case, however, is not a secretary-error case. See Richas, supra, 133 Ariz. at 516, 652 P.2d at 1039. Harris personally knew of the suit, and apparently merely neglected to act accordingly.
Finally, we note the internal inconsistency in Harris' affidavit. He first states he received mistaken advice that he did not have to answer the complaint, and then says he "overlooked the matter." In addition, Harris' wife (also a defendant below but not a party to this appeal), who was personally served on September 30, 1981  sixteen days after Harris  stated in her affidavit that upon receiving process she told Harris about it and he said "that the matter was unimportant, that she was not to worry about it, and that he would take care of the legal matter." Thus, assuming that because of confusion at his office Harris "overlooked the matter," he was apparently reminded of it four days before his answer was due. Viewing the facts in the strongest light possible in favor of supporting the trial court's decision, see Camacho v. Gardner, 104 Ariz. 555, 559, 456 P.2d 925, 929 (1969); Phillips v. Findlay, 19 Ariz. App. 348, 354, 507 P.2d 687, 693 (1973), we find the trial court did not abuse its discretion in holding Harris' administrative inadvertence not to be excusable.
Harris also states he was suffering from "headaches and loss of memory." Harris does not make clear whether his loss of memory was caused by a medical condition (headaches) or whether the loss of memory and headaches merely coexisted, in which case "loss of memory" would just be another way of saying "forgot." Assuming mere coexistence, Harris' forgetfulness would not merit the setting aside of the default judgment because, as we stated in Coconino Pulp & Paper Co. v. Marvin, 83 Ariz. 117, 120, 317 P.2d 550, 552 (1957), "[i]f a judgment is acquired because of a party's mere neglect, inadvertence or forgetfulness without any reasonable excuse therefor, the judgment will not be disturbed...." Assuming a causal relationship between the headaches and the loss of memory, we must decide whether the trial court abused its discretion in finding that the headaches did not comprise "reasonable excuse" for the alleged loss of memory.
In making this determination we once again note the inconsistency in Harris' affidavit. Harris states he did not answer the complaint because he was suffering from loss of memory, but also states he did not answer the complaint because he received mistaken advice that because the action was filed in a county other than his county of residence he did not have to answer. Thus, Harris appears to argue that he remembered enough to receive mistaken advice but not enough to answer the complaint. Further, as stated above, Harris' wife testified by affidavit that when she was personally served sixteen days after Harris she presented that fact to him and he said he would take care of it. Thus, Harris was reminded of the suit four days before his answer was due.
Whether or not an illness or disability merits the setting aside of a default judgment must be evaluated in an ad hoc manner, and is a question directed to the sound discretion of the trial court. Walker, supra, 107 Ariz. at 512, 489 P.2d at 851. Under the present facts, we hold the trial court did not abuse its discretion in holding the "loss of memory" not to be excusable. The trial court could reasonably have concluded that Harris did not forget but knowingly procrastinated. See Martin v. Rossi, 18 Ariz. App. 212, 215, 501 P.2d 53, 56 (1972). See generally Overson v. Martin, 90 Ariz. 9, 363 P.2d 604 (1961) (reversing a trial court's setting aside a default judgment as an abuse of discretion when the *361 excuses presented were that the wife had been ill for two weeks of the one-month period during which the defendants failed to answer after becoming aware of service and the husband had been busy "gathering data" concerning the suit during that time).
Because we find the trial court did not abuse its discretion in holding that Harris failed to show excusable neglect, we need not decide whether Harris acted promptly and had a substantial and meritorious defense.
DAMAGE AWARD
Harris next asserts that relief from the judgment should be given because the damage award is of a magnitude to shock the court. Plaintiff Daou asked in her complaint for special damages in an amount to be shown at trial, general damages that are just and reasonable, punitive damages sufficient to prevent Harris' improper conduct in the future, costs, and other and further relief as the court deems just and reasonable. The court awarded $100,000 specific damages, $150,000 general damages, and $50,000 punitive damages.
When as in this case unliquidated damages are sought, it is incumbent on the trial court before entering a judgment to conduct a hearing to determine the amount of damages. Southern Arizona School for Boys, Inc. v. Chery, 119 Ariz. 277, 282, 580 P.2d 738, 743 (App. 1978); Mayhew v. McDougall, 16 Ariz. App. 125, 130, 491 P.2d 848, 853 (1971). In the present case a hearing on the amount of damages was held on November 4, 1981. At this hearing Daou and a doctor testified, and exhibits regarding medical bills and hospital records were admitted. Harris was not represented or present at the hearing. The court took the damage issue under advisement and then made the award on November 24, 1981.
Harris correctly points out that large damage awards are carefully scrutinized. See Roll v. Janca, 22 Ariz. App. 335, 338, 527 P.2d 294, 297 (1974). Further, if a court merely awards a plaintiff what is prayed for in the complaint, that "may not attain that level of judicial discretion which will pass appellate muster." Mayhew, supra, 16 Ariz. App. at 130, 491 P.2d at 853. That is not, however, the situation in this case. The trial court took the matter under advisement for twenty days before formulating an award; the court did not simply grant Daou what she requested. Also, Daou correctly states that it is not the size of the damage award alone that is conclusive, but whether it is excessive for the injuries sustained. Harris has not demonstrated that the damage award is excessive. The trial court did not abuse its discretion.
RULE 77(g)
Harris argues that he should be granted relief  apparently under rule 60(c)(6) which provides "any other reason justifying relief from the judgment"  because the clerk did not comply with rule 77(g). In pertinent part that rule provides:
Minute Entries; notice of entry of judgments. The clerk shall mail copies of all minute entries to all parties. Immediately upon the entry of a judgment as defined in Rule 54(a), the clerk shall mail a notice of the entry of judgment stating the date of entry, in the manner provided for in Rule 5, to every party who is not in default for failure to appear, and shall make a record of the mailing. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed.
Harris argues in his brief that in violation of the second sentence of the rule he was never notified of the judgment. That fact does not provide ground for relief. See Park v. Strick, 137 Ariz. 100, 669 P.2d 78, 82 (1983); Old Pueblo Transit Co. v. Corporation Commission of Arizona, 73 Ariz. 32, 236 P.2d 1018 (1951). Harris argued in his motion to set aside the default judgment and in his reply to Daou's response that in violation of the first sentence of rule 77(g) he was never mailed minute entries. For the reasons provided in Park *362 and Old Pueblo, we hold that failure of the clerk to mail minute entries is not a ground for relief from a judgment under rule 60(c)(6).
Judgment of default affirmed.
HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.
NOTES
[1] By Laws 1982, ch. 224, § 1, the legislature extended the time for referral to a panel to twenty days and exempted from panel requirements all cases with claimed damages of $50,000 or less. The purpose of the extension of the referral period from ten to twenty days was purely administrative  to give the superior courts more time to create a panel and refer the case to it. This court notes that because of the administrative difficulty involved in creating a panel and referring the cause to it, most cases are not being referred to a panel within the twenty-day period.