754 P.2d 1372

Stuart A. BILIACK, M.D., Petitioner,

v.

SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, the Honorable Elizabeth Stover and the Honorable Rudolph Gerber, judges thereof, Respondent Judges,

Teri L. MUSIL, an incapacitated person By and Through her next friend and husband, Francis C. MUSIL and Francis C. Musil, individually and on his own behalf and for and on behalf of Chad Edward Musil, Francis Jason Musil and Matthew Lee Musil, natural children of Teri L. Musil, Real Parties in Interest.

No. 1 CA–SA 298.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 11, 1988.

Review Denied June 21, 1988.

Teilborg, Sanders & Parks, P.C. by Neil C. Alden and Brian R. Burt, Phoenix, for petitioner.

Leonard & Clancy by James Leonard, Jr., Phoenix, for real parties in interest.

Fennemore, Craig, von Ammon, Udall & Powers by J. Gregory Osborne, Phoenix, for Phoenix Baptist Hosp.

## OPINION

HAIRE, Chief Judge.

This is a special action review of two orders relating to the taking of the deposition of the petitioner, who is a defendant in a medical malpractice action. The first order was issued by the respondent Judge Stover (the trial judge), and the second was issued by the respondent Judge Gerber, serving as the Chairman of the Medical Liability Review Panel to which the action was referred (the panel judge). Two issues are presented:

(1) Did the trial judge abuse her discretion in ruling that the real parties in interest could take the petitioner's deposition before they answered his interrogatory request for information concerning the specific nature of the claims against him?

(2) Was it an abuse of discretion under the circumstances of this case for the panel judge to refuse to compel the plaintiffs to comply with the rules of the medical liability review panel, which require a plaintiff to file a preliminary statement of claims?

The record shows that on September 11, 1987, the real parties in interest, the Musils, served the petitioner, Dr. Biliack, with a complaint alleging that he had committed medical malpractice. The complaint was accompanied by a notice which stated that Dr. Biliack's deposition would be taken on October 26, 1987. On October 6, 1987, Dr. Biliack served the Musils with nonuniform interrogatories, some of which asked them to identify the specific acts of malpractice alleged. On the same day, Dr. Biliack filed a motion for protective order in which he contended that before he was deposed, he was entitled to have his interrogatories answered so that he would have more specific information concerning the claims against him than that provided by the complaint's general allegations of negligence. On October 21, 1987, the trial judge denied the motion and ruled that the Musils were entitled to take all of the depositions that were then scheduled at least one week before the date on which the Musils' answers to the defendants' discovery requests were due.

Eight days before the trial judge issued her order, the case had been referred to a medical liability review panel in accordance with the provisions of the Medical Malpractice Act, A.R.S. §§ 12–561 to 12–570 (hereinafter "the Act"). The Act requires that a medical malpractice action be referred to a panel within 20 days after the defendant's time to answer expires. A.R.S. § 12–567(A) (Supp.1987). In the present case, the referral to the panel took place on October 13, 1987, which was within the 20 day period prescribed by the Act.

Rule 3 of the Uniform Rules of Procedure for Medical Liability Review Panels, 17A A.R.S., governs the initial obligations of the parties in proceedings before a panel. In pertinent part, the rule provides as follows:

"Rule 3. Procedure Prior to Hearing

"A. Exchange of Records

"(1) Within three (3) days of receiving notice that the action has been referred to the panel, plaintiff shall serve upon defendant copies of all of plaintiff's medical records pertaining to the condition which is the subject matter of the action.

"(2) Within ten (10) days from the date of service by plaintiff of his records, defendant shall serve upon plaintiff copies of all of defendant's records relative to the treatment of plaintiff.

\* \* \* \* \* \*

"B. Plaintiff's Preliminary Statement of Claim. Within five (5) days from the date of receipt of the above records, plaintiff shall serve upon defendant a complete and detailed description of the acts or omissions constituting medical negligence, a complete and detailed description of each act or procedure which plaintiff alleges defendant should have undertaken but did not and a description of the manner in which defendant's acts or omissions caused injury to plaintiff. Plaintiff shall not be limited in further discovery by the statements contained therein but in the absence of a timely amendment, the evidence at the hearing shall be limited to the matters described in the preliminary statement."

As previously noted, Dr. Biliack's motion for protective order was filed before the action was referred to the panel. The referral took place on October 13, 1987. Eight days later, on October 21, 1987, the trial judge denied the motion for a protective order and ruled that the Musils were entitled to proceed with the discovery that was scheduled at least one week before their answers to the defendants' discovery requests were due.

On the same day that the trial judge issued her order, Dr. Biliack complied with Rule 3(A)(2) by serving the Musils with copies of his records concerning Mrs. Musil's treatment. He then asked the Musils to comply with Rule 3(B) by serving him with a preliminary statement of their claims. On October 23, 1987, the Musils

informed Dr. Biliack of their refusal to comply with Rule 3(B), contending that the *trial judge's* order of October 21 superseded the rule's requirements.

Dr. Biliack then filed a motion to compel the Musils to submit the preliminary statement of their claims required by the medical liability review panel rules. In accordance with the panel rules, this motion was heard by the superior court judge who was serving as the chairman of the medical liability review panel to which the case had been referred. The panel judge denied Dr. Biliack's motion to compel and held that the Musils would not be required to file a preliminary statement of their claims until seven days after they had taken the deposition of Dr. Biliack. In his minute entry order, the panel judge noted that prior to denying the motion, he had conferred with the trial judge who had issued the order of October 21.

As previously noted, in this petition for special action Dr. Biliack contends that initially the trial judge erred in denying his motion for protective order, and that subsequently the panel judge erred in entering his later order denying the motion to compel compliance with Rule 3(B), Rules of Procedure for the Medical Liability Review Panel, 17A A.R.S.

## THE TRIAL JUDGE'S ORDER

Substantial questions are raised concerning whether the trial judge exceeded her authority by ruling or otherwise abused her discretion by denying Dr. Biliack's motion for a protective order. However, we find it unnecessary to rule on these questions in view of our subsequent discussion.

## THE PANEL JUDGE'S ORDER

■ Dr. Biliack contends that the provisions of Rule 3 expressly required the Musils to serve him with their preliminary statement of claims within five days after they received his medical records and that the panel judge erred in refusing to require the Musils to comply with the rule. We agree.

Arizona Revised Statutes § 12–567(D) (Supp.1987) provides in part that malpractice actions "shall be submitted to the panel under such procedural rules as may be established by the Arizona supreme court." The scheme established by the rules clearly requires that the procedures prior to the panel's hearing on the merits take place in the order delineated by Rule 3. The rule not only sets forth the order of the procedures involved, but also prescribes the time limits within which each step in the sequence must be completed. The rule specifies that discovery will occur after the parties have exchanged medical records and the plaintiff has served the defendant with a preliminary statement of claims and has received the defendant's response to it.

Dr. Biliack had complied with Rule 3(A)(2) by serving the Musils with his medical records concerning Mrs. Musil's treatment. Rule 3(B) required the Musils to serve Dr. Biliack with their preliminary statement of claims within five days after they received his records. Rule 3(C) would then have required Dr. Biliack to serve the Musils with his response to the preliminary statement before discovery could take place pursuant to Rule 3(D).

Rule 3(D) clearly contemplates that discovery in medical malpractice actions will take place subsequent to the filing of the plaintiff's preliminary statement of claims, and that after referral to the panel the parties' discovery rights under the Arizona Rules of Civil Procedure will be subject to the control of the panel judge.[1] In a similar fashion, A.R.S. § 12–567(D) (Supp.1987) provides in part that in proceedings before a panel, "all parties shall be allowed to utilize any discovery procedure provided for by the Arizona Rules of Civil Procedure. *Any motion for relief arising out of the use of such discovery procedures shall be decided by the chairman.*" (Emphasis added).

■ Accordingly, we hold that in ruling on the defendant's motion to compel the plaintiffs to comply with Rule 3(B), the panel judge should have enforced the provisions of the medical liability review panel's rules instead of merely acquiescing in the trial judge's prior ruling. In this connection, we note that there are two reasons why the trial judge's prior ruling did not impliedly deny on the merits the question of the defendant's right to a timely preliminary statement of claims under the medical liability review panel rules. First, at the time of the trial judge's ruling, the defendant had not complied with the provisions of Rule 3(A)(2) so as to be entitled to receive the plaintiffs' preliminary statement of claims. Second, after referral to the panel, both A.R.S. § 12–567(D) and Rule 3 require that questions relating to discovery issues be decided by the panel judge. Accordingly, the trial judge lacked authority to rule on the question of the defendant's right to receive a preliminary statement of plaintiffs' claims.[2]

---

**1.** Rule 3(D) provides:

"**D. Discovery.** Within five (5) days of service by defendant of the aforesaid response, counsel for plaintiff and defendant shall confer and agree upon the discovery to be undertaken and determine a schedule therefor. Such agreement shall include the depositions to be taken, any medical examination which defendant desires to be made of plaintiff and what additional documents and other materials are to be exchanged. The names of any proposed witnesses including experts, proposed exhibits, and proposed treatises shall be disclosed. All parties are entitled to engage in the discovery set forth in the Arizona Rules of Civil Procedure subject to the modifications as to time which are made necessary by the applicable statutes relative to review panels as may be agreed upon by counsel or determined by the chairman.

In the event that counsel are unable to agree upon any item relating to discovery, either counsel may request an informal hearing before the chairman. At such an informal hearing the chairman may make such orders relative to discovery as may be deemed reasonable and proper under the circumstances. Unless the chairman shall order otherwise, all discovery shall be completed within forty (40) days after the referral of the action to the panel."

**2.** Here, contrary to the situation presented in *Gurr v. Willcutt*, 146 Ariz. 575, 707 P.2d 979 (App.1985), both the rules and the statute provide that after referral to a medical liability review panel, the authority to rule on discovery issues is vested in the panel judge. For the same reasons, *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984), is not pertinent to the discovery issue presented in this proceeding.

In their response to the petition for special action, the Musils characterize Dr. Biliack's motion to compel compliance with the medical liability review panel rules as an attempt to make an "end run" around the trial judge's earlier order of October 21. We note in passing that it could as well be argued that the Musils themselves attempted the first "end run" around the rules governing medical malpractice actions by serving Dr. Biliack with a notice of deposition at the same time they served him with the complaint. This was clearly an effort to avoid the procedural design of the medical liability review panel rules by obtaining discovery before being required to serve Dr. Biliack with a preliminary statement of claims. We note that no extraordinary or unusual circumstances have been presented in this case which might justify a departure from the clear intent of the rules.

Because we find that discovery issues in actions which have been referred to a medical liability review panel in a timely manner are governed by the provisions of the Act and the rules, we vacate the trial judge's order dated October 21, 1987, and the panel judge's order dated November 9, 1987. We direct the panel judge to order that the Musils serve Dr. Biliack with a preliminary statement of claims in accordance with the provisions of Rule 3 before they take his deposition. In our discretion, we deny the requests for attorney's fees by the Musils and by Dr. Biliack. Upon the entry of the panel judge's order, the stay of the taking of Dr. Biliack's deposition directed by this court's order of November 12, 1987, and continued by this court's order of December 8, 1987, shall terminate.

By our order of December 8, 1987, we took under advisement Phoenix Baptist Hospital's motion to join with petitioner Biliack in this special action proceeding. The motion is denied.

FROEB, P.J., and EUBANK, J., concur.