793 P.2d 1121

**ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER, an Arizona non-profit corporation; and Joel Futral, M.D., Petitioners,**

**v.**

**SUPERIOR COURT of Arizona, In and For the COUNTY OF MARICOPA, Honorable Barry C. Schneider, a judge thereof, Respondent Judge,**

**Paul MASON and Betty Mason, husband and wife, Real Parties in Interest.**

**No. 1 CA–SA 89–243.**

Court of Appeals of Arizona, Division 1, Department B.

March 13, 1990.

Review Denied July 10, 1990.

Fennemore Craig, P.C. by R.C. Mitten, Timothy Berg, J. Gregory Osborne, Phoenix, for petitioners.

Castro, Zipf & Marable by Ernesto R. Castro, Suan Godman Pierce, Cottonwood, for real parties in interest.

VOSS, Presiding Judge.

Petitioners bring this special action challenging the order of the respondent trial judge denying their request for a medical liability review panel. We accept jurisdiction because the issue is of state-wide importance and has resulted in conflicting decisions in the trial court. *See* Rules of Procedure for Special Actions, Rules 1 and 3.

The issue is whether House Bill 2123 retroactively eliminates a litigant's right to a review panel under former A.R.S. § 12–567(A), when the request for a review panel was made after the Bill was signed into law but before the effective date. Because H.B. 2123 does not expressly provide for retroactive repeal of former A.R.S. § 12–567 and because the right to a review panel is substantive, we hold that A.R.S. § 12–567(A) was not retroactively repealed and petitioners are entitled to convene a review panel.

### Background

On June 28, 1989, Governor Mofford signed into law H.B. 2123, which became effective September 15, 1989. H.B. 2123 contains three sections. Section 1 repeals A.R.S. § 12–567. Section 2 provides a comprehensive statutory scheme for periodic payments of future damages in medical malpractice actions. Section 3 provides for the prospective application of Section 2. Real Parties in Interest (hereinafter called respondents) commenced the underlying medical malpractice action July 19, 1989. In separate answers filed July 26, 1989, and August 11, 1989, petitioners requested assignment of the matter to a review panel pursuant to A.R.S. § 12–567. Former A.R.S. § 12–567(A) provided:

A. Upon the filing of a complaint in any medical malpractice action, the matter shall be referred to a medical liability review panel appointed pursuant to this section. Such action shall be referred to the panel within twenty days after the expiration of the time for the defendant's answer. The plaintiff and any individual defendant may waive the review panel requirement as to that defendant only, upon stipulation of that defendant and all plaintiffs having claims against the defendant.

Petitioners made additional requests for a review panel through motions filed with their answers and a joint motion filed August 24, 1989. In a minute entry dated September 1, 1989, the trial court denied petitioners' request. The trial court held that "the Legislature did expressly state its intention that the repeal of [A.R.S. § 12–567(A)] be applied retroactively."

### Discussion

To determine whether H.B. 2123 § 1 should be applied retroactively a two step analysis is required. We must first determine whether the legislature expressly provided for retroactive application of H.B. 2123 § 1. *See* A.R.S. § 1–244 ("No statute is retroactive unless expressly declared therein."). If it did not, we must determine whether the statute is "merely procedural and does not affect an earlier established substantive right." *Bouldin v. Turek*, 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979).

The parties strongly contest whether the legislature expressly declared H.B. 2123 § 1 retroactive. Petitioners rely on the lack of any such language in the Bill. Respondents argue that the legislature's inclusion of Section 3, which provides that Section 2 is to be applied prospectively, positively indicates that Section 1, the Section in issue, was to be retroactively applied. Respondents believe any other interpretation makes Section 3 redundant, as the legislature without speaking could guarantee the prospective application sought in Section 3. We disagree.

Generally, retrospective laws are not favored. *State v. Martin*, 59 Ariz. 438, 445, 130 P.2d 48, 51 (1942). "Any inquiry into the effect of a statute on antecedent events must have as its touchstone a consideration of A.R.S. § 1–244." *Bouldin*, 125 Ariz. at 78, 607 P.2d at 955. That statute states "[n]o statute is retroactive unless expressly declared therein."

We doubt A.R.S. § 1–244, and the case law interpreting it, could be more straightforward and clear. *See Cheney v. Superior Court*, 144 Ariz. 446, 449, 698 P.2d 691, 694 (1985) ("The Legislature must expressly declare an intent *in the statute* that it applies retroactively.") (emphasis added). Respondents would have us ignore the requirements of A.R.S. § 1–244 and allow retroactive application through a negative inference; we decline.

As to the argument that Section 3 is redundant given our interpretation, we find at least one plausible explanation why it is not. H.B. 2123 § 1 repeals A.R.S. § 12–567. As discussed below, A.R.S. § 12–567(A) establishes a substantive right to a review panel. Further, the legislature cannot make retroactive, laws which affect vested substantive rights. As such, the legislature, upon review of the existing law, could have correctly concluded that Section 1, alone, would be prospective. *See Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984) ("we presume that the legislature, when it passes a statute, knows the existing law."); *see also Arizona Press Club v. Arizona Bd. of Tax Appeals*, 113 Ariz. 545, 548, 558 P.2d 697, 700 (1976) ("it

is a principle of statutory construction that the legislature is presumed to be aware of court decisions interpreting the language of [a] statute...."). Therefore, inclusion of Section 1 in the reference to prospective application would have been redundant.

The same cannot be said of Section 2. The rights granted by Section 2 are new and the legislature, in drafting, did not have the benefit of judicial precedent. Therefore, the only way to insure prospective application of this section was to so provide.

The actual legislative intent cannot be determined with certainty. We merely note one plausible construction which gives effect to every portion of the statute without making any portion redundant or illogical. *Union Rock & Materials Co. v. Scottsdale Conf. Center*, 139 Ariz. 268, 678 P.2d 453 (App.1983).

Respondent's second and somewhat related argument regarding express legislative intent is that the legislative history surrounding the enactment of H.B. 2123 requires retroactive repeal of A.R.S. § 12–567. The trial court in accepting this argument stated:

> [A] previous draft of the Bill, which had passed through Committee, had provided in Section 3 that the provisions of the "Act" apply only to causes of action filed after the effective date of the Act. That previous version was changed to the final version which ... provides only for prospective application to Section 2 of the Act.

From this the trial court concluded that the legislature clearly intended retroactive application of Section 1.

The legislature's reason for changing the original draft is not so obvious as to compel the conclusion that retroactive application was intended. Moreover, were the trial court correct and the inference derived from the legislative history clear and unambiguous, Section 1 would still lack the requisite express language demanded by A.R.S. § 1–244. *Cheney*, 144 Ariz. at 449, 698 P.2d at 694. We do not believe there is room for qualification. The term "express language" in the context of A.R.S. § 1–244

means language contained in the statute and not inferences drawn from legislative histories.

As we hold that H.B. 2123 does not retroactively repeal A.R.S. § 12–567, we now address whether the statute is substantive or somehow affects substantive rights.

Arizona has established and perpetuated an exception to the general rule requiring specificity in the legislation for a law to be applied retroactively. "Under the exception a statute does have retroactive effect if it is merely procedural and does not affect an earlier established substantive right." *Bouldin*, 125 Ariz. at 78, 607 P.2d at 955. Whether the right to a review panel involves a procedural or substantive right has been decided by our supreme court. "The provision in section 567(A) that creates a right to a review panel is substantive." *Daou*, 139 Ariz. at 358, 678 P.2d at 939. This court, citing *Daou*, also held that the right to a review panel is substantive and not procedural. *Gurr v. Willcutt*, 146 Ariz. 575, 580, 707 P.2d 979, 984 (App.1985).

Respondents' attempts to distinguish *Daou* and *Gurr* fail. Respondents argue that because petitioners' rights have not vested, retroactive repeal is appropriate. For this proposition, respondents cite *Hall v. A.N.R. Freight System*, 149 Ariz. 130, 717 P.2d 434 (1986) (discussing constitutional issues arising when the *legislature* expressly provides for retroactive application), and *Brown Wholesale Elec. Co. v. H.S. Lastar Co.*, 152 Ariz. 90, 730 P.2d 267 (1986) (discussing the vesting of rights qualified by contingencies). Neither case relates to the issue of whether the court may retroactively apply statutes when the legislature has declined to do so. In any event, we conclude that the substantive right to a review panel vested with the filing of the action. Former A.R.S. § 12–567(A), in pertinent part provides "[u]pon the filing of a complaint ... the matter shall be referred to a ... review panel...." When a lawsuit is commenced the defendant gains an immediate fixed ability to assert any substantive right, and such rights may not thereafter be prejudiced by the state. *Hall*, 149 Ariz. at 140, 717 P.2d at 444.

### Conclusion

The legislature did not expressly provide that the repeal of A.R.S. § 12–567 was retroactive. As the right to a review panel involves a vested substantive right and is not merely procedural, retroactivity may not be provided by the court. Accordingly, the prior order of the court filed December, 15, 1989 is affirmed. The prior order of the trial court denying a review panel is quashed and the matter is remanded for proceedings compatible with this decision.

JACOBSON and KLEINSCHMIDT, JJ., concur.