793 P.2d 1124

## WEST VALLEY CAMELBACK HOSPITAL, INC., an Arizona non-profit corporation, Petitioner,

v.

## SUPERIOR COURT of Arizona, In and For the COUNTY OF MARICOPA, Honorable Barry C. Schneider, a judge thereof, Respondent Judge,

## Anna Marie BUCKENMAIER, Edward R. Buckenmaier, and Gary Shield, Real Parties in Interest.

### No. 1 CA–SA 89–242.

Court of Appeals of Arizona, Division 1, Department B.

March 13, 1990.

Review Denied July 10, 1990.

Fennemore Craig, P.C. by R.C. Mitten, Timothy Berg, and William T. Burghart, Phoenix, for petitioner.

Cruse, Firetag & Bock by Robert J. Cruse and Keith B. Forsyth, Phoenix, for real party in interest, Anna Marie Buckenmaier.

Gallagher & Kennedy by Charles F. Richards, Don D. Skypeck, and Crowe & Scott by Michael B. Scott, Phoenix, for real party in interest, Edward R. Buckenmaier.

Tucker & Associates by Kenneth L. Tucker and Daniel P.J. Miller, Phoenix, for real party in interest, Gary Shield.

VOSS, Judge.

In *St. Joseph's Hosp. v. Superior Court,* 164 Ariz. 454, 793 P.2d 1121 (Ct.App.1990), we held that House Bill 2123 did not apply retroactively to defeat a litigant's right to convene a medical liability review panel under former A.R.S. § 12–567(A). We now address the narrow question of whether the right to preclude claims not presented to the review panel pursuant to former A.R.S. § 12–567(F)[1] and the right to present findings of the review panel pursuant to former A.R.S. § 12–567(K)[2] were retroactively repealed. Because both of these rights are so intimately linked with the underlying substantive right to convene a review panel, we hold that they can only be prospectively applied.

### Background

The consolidated complaints in the underlying matter were referred to a medical liability review panel and on April 22, 1988, the review panel rendered its decision. On June 28, 1989, Governor Mofford signed into law H.B. 2123, which became effective on September 15, 1989. Section 1 of H.B. 2123 repeals A.R.S. § 12–567.

On August 4, 1989, petitioner requested a motion *in limine* to preclude real parties in interest[3] from raising at trial any claims or issues not presented to the review panel, and to admit into evidence the review panel's decision. Petitioner moved pursuant to A.R.S. § 12–567(F) and (K). Respondent Anna Marie Buckenmaier filed her own motion *in limine* to preclude the admission of the review panel decision.

By minute entry dated August 25, 1989, the trial court denied petitioner's motion *in limine* and granted respondent's motion *in limine.*

### Discussion

The legislature did not expressly provide for retroactive application of H.B. 2123.

---

1. Former A.R.S. § 12–567(F) states:
   No claims for relief, theories of liability or defenses relating to medical malpractice which have not been heard and decided by the panel may be presented or argued to the court or jury in any trial of the matter.

2. Former A.R.S. § 12–567(K) states: "The conclusion of the panel may be admitted into evidence in any subsequent trial."

3. For ease of description, real parties in interest are hereafter referred to as respondents.

*St. Joseph's Hosp.,* 164 Ariz. 454, 793 P.2d 1121. Where the legislature fails to provide for retroactive application, we may not so provide unless we determine that the statutes involved are "merely procedural and [do] not affect an earlier established substantive right." *Bouldin v. Turek,* 125 Ariz. 77, 78, 607 P.2d 954, 955 (1979).

In *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984), our supreme court held that the portion of former A.R.S. § 12–567(A) creating the right to a review panel was substantive. *Id.* at 358, 678 P.2d at 939. The *Daou* court also held that the portion of former A.R.S. § 12–567(A) providing that the underlying case be referred to a review panel within ten days was procedural. *Id.*

The *Daou* court adopted the United States Supreme Court's distinction between substantive and procedural law.

> [A] procedural provision "does not operate to abridge, enlarge or modify the rules by which (the district) court will adjudicate its rights. It relates merely to 'the manner and means by which a right to recover * * * is enforced.'" *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 446, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946) (quoting *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945)).

*Id.*

The question, then, is whether the right to introduce the review panel's findings and the right to preclude items not presented to the review panel abridges, enlarges, or modifies the underlying substantive right to a review panel, or whether these rights merely relate to the enforcement of the right to a review panel.

In drafting A.R.S. § 12–567 the legislature attempted to "help curb medical malpractice premiums by separating frivolous claims from meritorious ones and encouraging pretrial settlements." *Daou,* 139 Ariz. at 357, 678 P.2d at 938. The notice provision discussed in *Daou,* is an arbitrary consideration simply provided to give form to the underlying procedures. It does not promote the specific interest articulated by the legislature. The same is not true for the rights involved here.

The right to conduct a review panel by itself provides little more than another expert opinion, and does little to separate real from frivolous claims or prompt early settlement. However, combined with the right to present the review panel findings and the right to preclude items not raised, the overall purpose of this legislation is given effect. These rights give substance to the legislature's expressed intent.

Clearly the items at issue are not merely procedural rights which do not affect an earlier established substantive right. Whether these rights could be grouped in a generic category of procedural rights in some other context is irrelevant. They are so entwined with the underlying substantive right to a review panel that they take on the attributes of substantive rights. As described in *St. Joseph's Hosp.,* we may not prescribe a retroactive application to legislation affecting a substantive right where the legislature has not so provided.

JACOBSON and KLEINSCHMIDT, JJ., concur.