NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EURO MOVING & STORAGE LLC,
*Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent,*

EDGAR LOPEZ,
*Respondent Employee,*

SPECIAL FUND/NO INSURANCE SECTION,
*Respondent Party in Interest.*

No. 1 CA-IC 16-0056
FILED 4-11-2017

Special Action - Industrial Commission
ICA Claim No.  20152-940613
The Honorable Jonathan Hauer, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Salvador Phillips PLLC, Phoenix
By Anthony G. Salvador
*Counsel for Petitioner Employer*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Industrial Commission of Arizona, Phoenix
By Stephen D. Ball
*Counsel for Respondent Party in Interest, Special Fund Division/No Insurance Section*

Phillips Law Group PC, Phoenix
By Karly K.R. White, George V. Sarkisov
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona ("ICA") award.  For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**        Edgar Lopez suffered three broken vertebrae when he fell from a moving truck owned by Euro Moving and Storage, LLC ("Euro") on August 15, 2015.  Euro's managing members are Valentin Petcu and Francisca Delgado, and Petcu is Euro's statutory agent.  Petcu called Lopez the day after his fall to provide details about his next job assignment for Euro.  Lopez advised Petcu of his injuries, and Petcu stated he would call back, but did not do so.

**¶3**        Lopez reported his injury to the ICA, which learned that Euro had no workers' compensation coverage.  The ICA referred the claim

---

[1]        We consider the evidence in the light most favorable to sustaining the ICA's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).   We have disregarded statements of fact included in the opening brief that lack citations to the record.  *See* ARCAP 13(a)(5), (d).

to the Special Fund Division/No Insurance Section ("Special Fund"). A Special Fund investigator spoke with Delgado, who denied that Euro had an employee named Edgar Lopez.

¶4        The ICA set a hearing and mailed a notice of hearing to Euro and subpoenas to both Petcu and Delgado at Euro's address of record. No one from Euro appeared at the hearing. After considering testimony from Lopez and several exhibits, the administrative law judge ("ALJ") found that Lopez was Euro's employee and that he had sustained a compensable injury.

¶5        After the award issued, Petcu wrote to the ALJ "asking for a review" and stating that he had "no knowledge of what this claim is about since I have no employee by the name Edgar Lopez." The ALJ advised Petcu that he could not act on behalf of Euro because he was not a licensed attorney. Euro subsequently retained counsel, who requested a review hearing. The ALJ denied that request, later clarifying that he had not denied Euro's request for review, only its request to "set a review hearing." The ALJ affirmed the decision upon hearing. He concluded that Euro's "failure to participate in this litigation despite proper notice does not constitute a denial of due process or defective process."

¶6        Euro filed a timely petition for special action, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A) and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶7        We will not disturb the ICA's award if it is reasonably supported by the evidence. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We defer to the ALJ's factual findings but review his legal conclusions *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003).

¶8        Euro contends it was denied due process because the ICA rejected its request for rehearing, preventing it from cross-examining Lopez. We disagree.

¶9        Although cross-examination is a fundamental right in an Industrial Commission proceeding, *Lopez v. Indus. Comm'n*, 162 Ariz. 578, 580 (App. 1989), it was Euro's failure to appear that deprived it of that right. It is undisputed that Euro's statutory agent — Petcu — received notice of the hearing. Additionally, Delgado told the Special Fund

investigator that Euro had received "the forms [the ICA] sent." According to Euro, Petcu "did not comprehend that the materials he had received by mail related to a judicial proceeding." But instead of inquiring what the matter was about, Euro ignored the notices and subpoenas.

¶10            Euro also asserts excusable neglect based on Petcu's lack of English proficiency. The record, though, includes no evidence or affidavit corroborating that claim. Moreover, Euro's decision to select a statutory agent who reportedly cannot understand English would not constitute excusable neglect. *Cf. Daou v. Harris*, 139 Ariz. 353, 359 (1984) (Test of what is excusable and, hence, sufficient to set aside a default judgment is "whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances."); *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993) (carelessness is not synonymous with excusable neglect). Additionally, the record demonstrates that Delgado is English-proficient, Petcu wrote to the ALJ in English, Euro immediately retained counsel after receiving the ALJ's letter written in English, and Lopez presented evidence from which the ALJ could conclude that Petcu can communicate in English.

¶11            Euro also contends Lopez was not its employee. But the record amply supports the ALJ's finding that Lopez worked for Euro and that he was an employee of the company, not an independent contractor. Arizona applies a "right to control" test in determining whether an individual is an employee or an independent contractor; relevant factors include:

> the duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for workmen's compensation insurance; the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business.

*Anton v. Indus. Comm'n*, 141 Ariz. 566, 571 (App. 1984).

¶12            Lopez testified that Petcu hired him on February 7, 2015 and that he worked exclusively for Euro until the date of his injury. Lopez worked approximately 60 hours per week at a rate of $10 per hour and was paid in cash. Petcu would call Lopez to advise him of jobs, pick him up in Euro's truck, drive him to job sites, and provide him with the necessary equipment and supplies. There is no evidence that Lopez was

anything other than an employee,[2] other than Delgado's statement to the Special Fund investigator that Euro "never had an employee named Edgar Lopez." Based on the evidence before him, the ALJ properly concluded that Euro employed Lopez.

**CONCLUSION**

¶13   For the foregoing reasons, we affirm the ICA award.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2]  Notwithstanding this fact, the Special Fund's counsel stated in his closing argument before the ALJ:

> Well, Judge, I'm afraid there is not much evidence to contradict Mr. Lopez's testimony other than the Special Fund investigator's telephonic notes with the purported owners of Euro Moving and Storage at which point they claimed that Mr. Lopez was not an employee of theirs. . . . Mr. Petcu and I believe his wife, Francisca Delgado, were subpoenaed and they failed to appear today, so I guess the Special Fund's position is that we're unclear based on the evidence whether or not Mr. Lopez was indeed an employee of Euro Moving and Storage.