NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHANIE HOWELL, *et al.*, *Plaintiffs/Appellees*,

*v.*

918 CONSTRUCTION, LLC, *Defendant/Appellant.*

No. 1 CA-CV 25-0722

FILED 06-26-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-030637
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Collier Litigation Group, Scottsdale
By Timothy M. Collier, William A. Weber
*Counsel for Plaintiffs/Appellees*

Wilson-Goodman Law Group, LLC, Gilbert
By Angela M. Wilson-Goodman
*Co-Counsel for Defendant/Appellant*

Ahwatukee Legal Office, PC, Phoenix
By David L. Abney
*Co-Counsel for Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

_____

**C A T T A N I**, Judge:

¶1        918 Construction, LLC, appeals the superior court's denial of its motion to set aside a default judgment in favor of Stephanie Howell and Todd Dieckenhoner (the "Howells"), a married couple. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        In August 2022, the Howells contracted with a general contractor, Final Phase Construction ("Final Phase"), to remodel their Arizona home, and Final Phase retained 918 Construction to complete the remodel. When the remodel did not progress as expected, in May 2023, the Howells terminated their contract with Final Phase.

¶3        The next month, the Howells contracted with 918 Construction to complete the unfinished work by October 2023 for $265,143. When the work was not timely completed, the Howells agreed to extend the deadline until February 2024. This extension resulted in additional expenses for the Howells, who had to lease an apartment during the remodel.

¶4        When Dieckenhoner accepted a job in New Jersey, the Howells moved there in March 2024, planning to sell their Arizona home when the remodel was complete. The construction was still not finished by the end of March, so the Howells offered 918 Construction a $30,000 bonus if the remodel was done by July 2024.

¶5        By the end of July 2024, the Howells had already paid $314,000 to 918 Construction, and the remodel was still not complete. 918 Construction then asked for an additional $50,000 to complete the work by September 2024, or it would not complete the work until November 2024. When the Howells refused to pay the $50,000, 918 Construction stopped work and purported to cancel the contract. In December 2024, the Howells sold their home, with the remodeling still incomplete, for $1,050,000.

**¶6**        In October 2025, the Howells sued 918 Construction alleging breach of contract, unjust enrichment, and negligence claims. The Howells served Mavrik Groff, the company's owner and statutory agent, in December 2024. 918 Construction did not respond to the complaint. Groff would later claim he thought no response was required because the caption of the complaint incorrectly spelled the company's name with an "s" at the end of "Construction."

**¶7**        After 918 Construction failed to respond, the Howells filed an application for entry of default. When 918 Construction did not respond, the Howells moved for entry of a default judgment, attaching a sum certain affidavit.

**¶8**        The superior court held a default hearing in March 2025 at which Stefanie Howell testified about the amount of their damages. Groff appeared, although he could not represent 918 Construction because he was not a licensed attorney. Groff admitted he was the owner of 918 Construction and was served with the summons and complaint as well as the default documents. Consistent with the exhibits and testimony presented, the court entered a default judgment awarding the Howells $924,481 in damages for the loss of value in their home and for living expenses incurred during the time of the remodel.

**¶9**        A month later, 918 Construction moved to set aside the default judgment on the grounds of excusable neglect, misrepresentation, voidness, and other reasons justifying relief under Rule 60 of the Arizona Rules of Civil Procedure. *See* Ariz. R. Civ. P. 60(b)(1), (3), (4), (6). 918 Construction primarily argued that the misspelled name—"918 Constructions, LLC" instead of "918 Construction, LLC" (emphasis added)—appearing in the caption of the complaint and default documents rendered the judgment void. The court denied the motion, finding 918 Construction was not prejudiced by the misspelling because the appropriate party had notice and was properly served.

**¶10**        918 Construction timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.        Relief from Judgment.

**¶11**        918 Construction argues that the superior court erred by denying the motion to set aside the default judgment. We review this ruling for an abuse of discretion. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018).

## A.      Rule 60(b)(1).

**¶12**      To set aside a judgment under Rule 60(b)(1), the moving party must show three things: "(1) mistake, inadvertence, surprise, or excusable neglect, in failing to answer; (2) prompt action in seeking relief; *and* (3) a meritorious defense to the action." *Addison v. Cienega, Ltd.*, 146 Ariz. 322, 323 (App. 1985) (emphasis added); *see also Daou v. Harris*, 139 Ariz. 353, 358–59 (1984).  Here, the superior court's resolution of those issues, only the first and last of which are contested, is supported by the record.

### 1.      Excusable Neglect.

**¶13**      918 Construction challenges the superior court's conclusion that it did not show its failure to respond to the pleadings was excusable.  Neglect is "excusable" for these purposes if a reasonably prudent person might have acted in the same manner under the circumstances. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 331 (1985).  "[M]ere carelessness" or "unexplained neglect" is not sufficient. *Daou*, 139 Ariz. at 359; *Richas v. Superior Court*, 133 Ariz. 512, 515 (1982).

**¶14**      918 Construction contends that the additional "s" in the caption rendered its failure to respond to the complaint and later to the application for entry of default excusable.  First, 918 Construction asserts that the extraneous "s" in its name in the caption means the complaint named the wrong entity.  Not so.  Both the complaint and application were sent to the correct address and received by Groff, the company's owner and statutory agent.  And the body of the complaint used the correct spelling of the company's name without the "s."  Groff appeared at the damages hearing and admitted being served.  Thus, 918 Construction had actual notice of the suit against it, so its argument fails. *See, e.g.*, *Daou*, 139 Ariz. at 360 (finding relief not warranted where defendant "personally knew of the suit, and apparently merely neglected to act accordingly"); *cf.* Ariz. R. Civ. P. 15(c)(2) (a complaint relates back to the original if the defendant knew or should have known the plaintiff mistakenly failed to name him as a party).

**¶15**      Second, 918 Construction asserts that its failure to respond was excusable because, after service of the complaint, Groff relied on an attorney's advice that no response was necessary in light of the spelling error. But Groff did not identify the attorney who provided this advice; nor did he offer any context for when or where the advice was given.  Moreover, advice not to act would only warrant relief when such advice is "legally excusable" or arguably reasonable. *Daou*, 139 Ariz. at 359.  Here, no reasonably prudent attorney would have ignored the filed documents

provided to Groff as the statutory agent of 918 Construction. *See Liberty Mut. Ins. Co. v. Rapton*, 140 Ariz. 60, 64 (App. 1984) (finding a reasonable attorney would make an objection to service or file an answer containing the defense of improper service if they believed their client was improperly served but had personal knowledge of the complaint). Accordingly, the superior court did not err by finding no excusable neglect.

## 2. Meritorious Defense.

**¶16** 918 Construction also challenges the superior court's finding that it did not provide a meritorious defense. But in the context of Rule 60(b)(1), this argument is moot given our conclusion that 918 Construction did not establish excusable neglect. *See Addison*, 146 Ariz. at 323.

## B. Rule 60(b)(6).

**¶17** To the extent 918 Construction asserts excessive damages as an independent claim for relief under the catch-all provision of Rule 60(b)(6) ("any other reason justifying relief"), 918 Construction has not established error. Although the superior court has discretion to set aside a judgment based on a finding that damages are excessive, *see Gonzalez*, 243 Ariz. at 534–35, ¶¶ 12–14, here, the record supports the court's conclusion that 918 Construction did not meet its burden to prove excessive damages.

**¶18** Stefanie Howell testified at the damages hearing and asserted that comparable homes sold for approximately $850,000 more than their home during the same month. 918 Construction was on notice that a damages hearing would be conducted yet did not appear through counsel or otherwise dispute damages. Given evidence supporting the amount and no opposition, the court did not abuse its discretion by awarding damages for loss of value and by subsequently rejecting 918 Construction's excessive damages claim. *See CSA 13-101 Loop, LLC v. Loop 101, LLC*, 233 Ariz. 355, 363, ¶ 26 (App. 2013) (affirming based on "comparable sales of nearby properties").

**¶19** Finally, 918 Construction argues the court erred by accepting the Howells' sum certain affidavit, which stated $920,000 in damages. This argument was not raised in the superior court and is thus waived. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593–94, ¶ 25 (App. 2021). Waiver notwithstanding, the affidavit was not the basis for the damages award. Instead, the court conducted a damages hearing, where Groff was present, and considered evidence before awarding damages. Thus, 918 Construction has not established that the superior court abused its discretion under Rule 60(b)(6) by denying the excessive damages claim.

## II.     Attorney's Fees and Costs on Appeal.

**¶20**          The Howells request an award of their reasonable attorney's fees on appeal under A.R.S. § 12-341.01.[1]  Because the Howells prevailed on appeal, and in an exercise of our discretion, we award them reasonable attorney's fees upon compliance with ARCAP 21.  The Howells are entitled to an award of taxable costs on appeal, also upon compliance with ARCAP 21.

### CONCLUSION

**¶21**          We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

---

[1]        In their answering brief, the Howells also challenge the superior court's denial of their request for attorney's fees.  But the Howells did not file a cross-appeal, so we lack jurisdiction to consider this request to enlarge their own rights.  *See Advantage Pool & Spa Plumbing, Inc. v. Miles*, 585 P.3d 827, 832–33, ¶ 24 (App. 2026).