293 P.3d 512

**SEARCHTOPPERS.COM, L.L.C., an Arizona limited liability company, Plaintiff/Appellee,**

v.

**TRUSTCASH LLC, a Delaware limited liability company, Defendant/Appellant.**

No. 1 CA–CV 11–0171.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 20, 2012.

ogous case, we answer "no" because we conclude that Rule 55(b)(1) authorized the superior court's entry of default judgment by motion against TrustCash, LLC (TrustCash) and that the additional requirements of Rule 55(b)(2) do not apply in a liquidated damages case. We further conclude that the superior court did not abuse its discretion in denying TrustCash's motion to vacate the default judgment. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Searchtoppers.com, LLC (Searchtoppers) filed a complaint against TrustCash alleging that it contracted with TrustCash to provide TrustCash internet marketing services for a monthly fee of $2500. The contract provided for an initial term of one year, but contained a provision allowing the contract to continue "automatically [ ] absent [a] 60 day advance written cancellation by either party." Searchtoppers claimed it provided the contracted services from 2006 through 2009 and TrustCash breached the contract by failing to make thirty-eight payments. Accordingly, Searchtoppers sought damages of $95,000 plus interest and an unspecified amount of attorneys' fees and costs.

Aiken Schenk Hawkins & Ricciardi, PC by Philip R. Rupprecht and Robert C. Van Voorhees, Phoenix, Attorneys for Plaintiff/Appellee.

The Anderson Law Firm, PLC by Carl R. Anderson, Glendale, Attorneys for Defendant/Appellant.

## OPINION

HALL, Judge.

¶ 1 Is a party who has been defaulted in a liquidated damages case for failure to appear nonetheless entitled to notice and an opportunity to be heard pursuant to Arizona Rules of Civil Procedure (Rule) 55(b)(2) before default judgment may be entered against it? Another panel of this court recently answered "yes" to this question. *See BYS Inc. v. Smoudi*, 228 Ariz. 573, 578, ¶ 20, 269 P.3d 1197, 1202 (App.2012). In this factually analogous case,

¶ 3 TrustCash did not file a timely written notice of appearance. When TrustCash failed to file an answer within twenty days after service of the summons and complaint on TrustCash's statutory agent, Searchtoppers filed an application for entry of default against TrustCash pursuant to Rule 55(a) and served a copy of the application on TrustCash's statutory agent. Because TrustCash failed to answer the complaint within ten days of the filing of the application, the entry of default became effective as provided in Rule 55(a)(2), (3) (providing that default shall be effective ten days after the filing of the application for entry of default unless the "party claimed to be in default pleads or otherwise defends ... prior to the expiration" of the ten-day period). TrustCash filed an untimely answer (later struck by the court) and notice of appearance six days after the default became effective.

¶4 Searchtoppers then filed a motion for entry of default judgment[1] asking the court to enter judgment without hearing because the damages were liquidated.[2] The court granted Searchtoppers' motion and entered judgment in favor of Searchtoppers in the amount of $102,500 plus interest.[3] Trust-Cash then filed a motion to vacate default judgment, which the court denied.

■ ¶5 TrustCash timely appeals the court's denial of the motion to vacate default judgment. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101(A)(2) (Supp. 2011).[4]

## DISCUSSION

¶6 TrustCash asserts the superior court erred by denying its Rule 60(c) motion to vacate the default judgment. First, Trust-Cash broadly contends that it was entitled to an evidentiary hearing before the court entered default judgment. Second, TrustCash argues that it demonstrated good cause to vacate the judgment pursuant to Rule 60(c). We address each issue in turn.

## I. Lack of Hearing

¶7 TrustCash asserts that the superior court erred by entering default judgment pursuant to Rule 55(b)(1) without providing TrustCash an opportunity to contest the amount of damages at an evidentiary hearing. In response, Searchtoppers initially counters that TrustCash waived this issue by failing to request a hearing or otherwise raise the issue in the superior court.

¶8 Generally, we do not consider issues that were not raised in the superior court. *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986). "However, this rule is procedural, not substantive, and may be suspended in our discretion." *Id.* Because we conclude that the issue presented here, involving the interpretation of Rule 55(b), is an issue of law and a matter of statewide importance, we exercise our discretion to address the merits of TrustCash's claim. *See id.*

¶9 On appeal, TrustCash does not challenge the entry of default pursuant to Rule 55(a) or dispute that the default became effective ten days from the filing of the application for default. Therefore, the narrow issue before us is whether Searchtoppers was permitted to seek default judgment by motion, pursuant to Rule 55(b)(1), rather than by hearing, pursuant to Rule 55(b)(2).

¶10 We interpret court rules by applying the principles of statutory construction. *Preston v. Kindred Hospitals West, L.L.C.*,

---

1. Searchtoppers previously filed two motions for entry of default judgment with hearing, which were not ruled on by the trial court. As our dissenting colleague notes, Searchtoppers incorrectly cited Rule 55(b)(2) rather than Rule 55(b)(1) in its third motion for default judgment. Notwithstanding its citation to the wrong rule, the substance of the motion was clearly one for default judgment without hearing and was treated as such by the trial court.

2. Although Searchtoppers sought an unspecified amount of attorneys' fees in its complaint and later filed an affidavit of attorneys' fees, the proposed form of judgment that Searchtoppers attached to its motion did not include language providing for an award of attorneys' fees. Because TrustCash entered an appearance after the default became effective, this omission was consistent with the relevant portion of Rule 55(b)(1):

   If the claim requests an award of attorneys' fees, but fails to specify the amount of such fees that will be sought in the event judgment is rendered by default, the judgment may include an award of attorneys' fees, if such an award is allowed by law and the reasonable amount therefor is established by affidavit, where the defendant has not entered an appearance in the action.

   *See also* State Bar Committee Note to 1984 Amendment (explaining that a party "may plead entitlement to an unspecified reasonable amount of attorneys' fees with knowledge that he must proceed by hearing pursuant to 55(b)(2) upon default").

3. In a declaration submitted after the default became effective, the manager of Searchtoppers recalculated the number of missed monthly payments as totaling forty-one rather than thirty-eight. TrustCash does not raise this discrepancy as an issue on appeal.

4. TrustCash filed a premature notice of appeal two days before the court entered a signed order denying the motion to vacate. Because the court had denied the motion at a prior court hearing, the entry of the signed order denying the motion was simply a clerical formality. Thus, we have jurisdiction over TrustCash's appeal. *See Craig v. Craig*, 227 Ariz. 105, 107, ¶13, 253 P.3d 624, 626 (2011).

226 Ariz. 391, 393, ¶ 8, 249 P.3d 771, 773 (2011). "Accordingly, if a rule is clear and unambiguous, we need not look beyond its language to determine the drafters' intent." *Id.* (internal quotation marks and citation omitted). "We give unambiguous language its usual, ordinary meaning unless doing so creates an absurd result." *Id.* (internal quotation marks and citation omitted). We also seek to read court rules in conjunction with one another and harmonize them whenever possible. *State v. Tillmon,* 222 Ariz. 452, 454, ¶ 8, 216 P.3d 1198, 1200 (App.2009).

■ ¶ 11 Pursuant to Rule 55(b), judgment by default may be entered by one of two methods, depending on the circumstances:

1. By Motion. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Court upon motion of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear[.]

2. By Hearing. *In all other cases* the party entitled to a judgment shall apply to the court therefor[.] ... If the party against whom judgment by default is sought has appeared in the action, that party. shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.

(Emphasis added.)

¶ 12 Thus, as set forth in Rule 55(b)(1), a plaintiff may obtain a default judgment by motion when: (1) the claim is "for a sum certain or for a sum which can by computation be made certain," i.e., liquidated,[5] and (2) the defendant "has been defaulted for failure to appear," that is, as provided in Rule 55(a), the defendant has been defaulted for failing to plead or otherwise defend before the entry of default became effective.[6] "In all other cases," meaning all cases in which the claimed damages are unliquidated, the plaintiff must seek default judgment by hearing. Ariz. R. Civ. P. 55(b)(2). If the defendant has "appeared" in an action for unliquidated damages, the plaintiff must serve the defendant "with written notice of the application for judgment at least three days prior to the hearing on such application."[7] *Id.*

¶ 13 Notwithstanding the language in Rule 55(b) establishing a bifurcated procedure depending on whether damages are liquidated or unliquidated, another panel of this court recently held that "Rule 55(b)(2) requires a noticed hearing on an application for judgment when a party has [ ] appeared, regardless of whether the damages are liquidated or unliquidated." *BYS,* 228 Ariz. at 578, ¶ 20, 269 P.3d at 1202. Before amendments in 1975, Rule 55(b) did require "in all cases" that a three-day written notice be served on a party "against whom judgment by default is sought [who] appeared in the action."[8]

---

5. For ease of reference, we use the word "liquidated" as synonymous with all claims falling within the ambit of Rule 55(b)(1).

6. *See also* Ariz. R. Civ. P. 4(b) (requiring a summons to "state the time within which these Rules require the person being served to appear and defend, and shall notify that person that in case of a failure to do so judgment by default will be rendered against that person for the relief demanded in the pleading served"). Because Rule 55(b)(1) is limited to defendants who have been defaulted for failure to appear, it does not apply to parties who appeared prior to the entry of default but against whom default judgment has been entered as a sanction. *See Poleo v. Grandview Equities, Ltd.,* 143 Ariz. 130, 134, 692 P.2d 309, 313 (App.1984) ("We hold that the party whose pleadings have been stricken as a sanction under Rule 37 must be given notice of the application for judgment as required by Rule 55(b)(2)

because that party has 'appeared' in the action.").

7. The notice requirement of subsection (b)(2) protects those litigants who, even though defaulted for failure to make a timely appearance, nonetheless make a late appearance before the application for default judgment is filed. *See Tarr v. Superior Court,* 142 Ariz. 349, 352, 690 P.2d 68, 71 (1984) (holding that the late filing of an answer "constitute[d] an appearance under Rule 55(b)(2)").

8. Prior to the 1975 amendments, the Rule read as follows:

Rule 55(b) Judgment by default. Judgment by default may be entered as follows:

1. In all cases the party entitled to judgment by default shall apply to the court therefor.... If the party against whom judgment by default is

After Rule 55(b) was amended in 1975,[9] however, a party seeking only liquidated damages in its complaint was entitled to apply for a default judgment by motion and was no longer required to provide any additional notice to the defaulted party.[10]

¶ 14 Because the 1975 amendment substantially changed existing procedure by permitting a plaintiff seeking liquidated damages to obtain a default judgment by motion without hearing, Arizona cases construing previous versions of Rule 55(b), *e.g.*, *Rogers v. Tapo*, 72 Ariz. 53, 230 P.2d 522 (1951), are inapposite, and do not support the holding in *BYS*.

¶ 15 As did the court in *BYS*, our dissenting colleague also misinterprets the following language in *Tarr* as entitling a defaulted litigant against whom liquidated damages are sought pursuant to Rule 55(b)(1) to the three-day notice afforded by Rule 55(b)(2):

> The notice requirement of subsection (b)(2) furnishes some protection to those litigants who have submitted themselves to the jurisdiction of the court by making an appearance to contest the entry of default or, in an unliquidated case, introduce evidence concerning the extent of their liability.

142 Ariz. at 351, 690 P.2d at 70. The plaintiff in *Tarr* filed a complaint seeking damages for breach of contract and misrepresentation. *Id.* at 350, 690 P.2d at 69. She was granted a default judgment after the defendants failed to file an answer until after default had been entered against them. The issue on appeal was whether defendants' untimely answer was nonetheless an appearance for purposes of the three-day notice requirement in Rule 55(b)(2). The court held that defendants by their late filing of an answer "submitted themselves to the jurisdiction of the court and their actions constituted an appearance sufficient to entitle them to notice pursuant to Rule 55(b)(2)." *Id.* at 352, 690 P.2d at 71.

¶ 16 Although *Tarr* repeatedly refers to Rule 55(b)(2), the opinion makes no reference to Rule 55(b)(1) nor mention that the case was one in which the plaintiff sought liquidated damages. Indeed, the only issue before the court was the proper scope to be given the concept of an appearance for purposes of Rule 55(b)(2)'s notice requirement, an issue on which the court of appeals had issued conflicting opinions. *Id.* at 350–52, 690 P.2d at 69–71. Given the grammatical construction of the two subsections of Rule 55(b) setting forth separate and distinct procedures for obtaining a default judgment de-

sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.

2. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ..., the court may conduct such hearings ... as it deems necessary and proper[.]" Ariz. R. Civ. P. 55(b) (1956).

**9.** After the 1975 amendments, the Rule read as follows:

Rule 55(b) Judgment by default. Judgment by default may be entered as follows:

1. *By motion.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Court upon motion of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if [he] has been defaulted for failure to appear and if [he] is not an infant or incompetent person.

2. *By hearing.* In all other cases the party entitled to a judgment shall apply to the court therefor, but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, [he] or, if appearing by representative, [his] representative, shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ..., the court may conduct such hearings ... as it deems necessary and proper[.]

Ariz. R. Civ. P. 55(b) (1975) (effective January 1, 1976).

Rule 55(b) has been amended several times since 1975. None of the amendments impact the application of Rule 55(b)(1) under the circumstances of this case.

**10.** Rule 55(a) was amended in 1985 to add the requirement that the application for entry of default be mailed to the party claimed to be in default when its whereabouts are known. The party may then prevent entry of default by filing a responsive pleading within the ten-day grace period provided by Rule 55(a)(3).

pending on whether the claim is liquidated (motion pursuant to Rule 55(b)(1)) or unliquidated (hearing pursuant to Rule 55(b)(2)), and the introductory language in Rule 55(b)(2) that its provisions only apply "[i]n all other cases," we do not interpret *Tarr* as implicitly engrafting the notice provision of Rule 55(b)(2) into Rule 55(b)(1).

¶ 17 The nature of the claim is what distinguishes Rule 55(b)(1) (which does not require notice) from Rule 55(b)(2) (which does require notice). Rule 55(b)(1) is limited to claims "for a sum certain or for a sum which can by computation be made certain." Ariz. R. Civ. P. 55(b)(1). For such a liquidated claim, there is no discretion in calculating the amount owed. Such a claim does not require a hearing for calculation and, accordingly, no notice for a hearing is required. As explained by the highest court of West Virginia in describing its analogous default judgment rule:

> Because Rule 55(b)(1) applies only when the damages are a sum certain, or an amount which can be made certain by calculation, there clearly is no need for an evidentiary hearing to ascertain the amount of damages.... It follows, therefore, that because there is no need for a hearing to determine the amount of damages, there likewise is no requirement for notice to the defaulting party.

*Cales v. Wills*, 212 W.Va. 232, 569 S.E.2d 479, 484–85 (2002).

¶ 18 In summary, TrustCash was not entitled to the three-day notice and an opportunity for an evidentiary hearing provided by Rule 55(b)(2) to a defaulted party who appears in the action.

## II.  Denial of Rule 60(c) Relief

¶ 19 TrustCash argues the superior court erred by denying its request for Rule 60(c) relief following the default judgment. According to TrustCash, the amount of Searchtoppers' requested damages was "misrepresentative" because Searchtoppers had a duty to mitigate its damages, and therefore the default judgment should have been set aside pursuant to Rule 60(c)(3) and (6).

¶ 20 A party seeking relief from a default judgment pursuant to Rule 60(c) must establish each of the following: (1) the failure to file a timely answer was excusable under one of the six subdivisions of Rule 60(c), (2) the party had a meritorious defense to the action, and (3) the party acted promptly in seeking relief from the default judgment. *United Imps. & Exps., Inc. v. Superior Court*, 134 Ariz. 43, 45, 653 P.2d 691, 693 (1982). We review a superior court's denial of a motion to vacate a default judgment only for "a clear abuse of discretion." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308, 666 P.2d 49, 53 (1983). A superior court abuses its discretion when there is "no evidence to support [its] conclusion or the reasons given by the court [are] 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17, 141 P.3d 824, 830 (App.2006) (quoting *State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983)).

¶ 21 The record reflects that Searchtoppers served its complaint on TrustCash's statutory agent on December 14, 2009. The following day, the statutory agent mailed the complaint to the president and director of TrustCash, Kent Carasquero. At the time, Carasquero was traveling. After he returned home on January 4, 2010 and received his mail, Carasquero believed he forwarded the complaint to counsel, but failed to do so. On January 29, 2010, Searchtoppers served its application for entry of default on TrustCash's statutory agent. The statutory agent mailed Carasquero the application for entry of default on February 1, 2010. Carasquero forwarded the application for entry of default to counsel on February 8, 2010. Ultimately, TrustCash filed an untimely answer on February 16, 2010, after the application for default became effective.

¶ 22 To establish that its failure to timely file an answer is excusable, a party seeking relief must demonstrate that its actions were those of a reasonably prudent person under the circumstances. *Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984). "[M]ere carelessness is not a suffi-

cient reason to set aside a default judgment."
*Id.*

¶ 23 Here, Carasquero intended to forward the complaint to counsel, but he failed to do so. In his affidavit, Carasquero did not claim that he ever attempted to confirm that counsel received the complaint or discussed the matter with him. Nor did Carasquero assert that he took any measures to respond to the application for default other than forwarding it to counsel a week after the application was mailed to him. On this record, we conclude TrustCash did not demonstrate that its failure to file an answer either in a timely manner or within the grace period provided by Rule 55(a)(3) was excusable. Therefore, the superior court did not clearly abuse its discretion in denying Trust-Cash's motion to vacate the default judgment.

## CONCLUSION

¶ 24 For the foregoing reasons, we affirm the superior court's denial of the motion to vacate the default judgment. Searchtoppers has requested an award of its attorneys' fees pursuant to A.R.S. § 12–341.01 (2003). In the exercise of our discretion, we grant Searchtoppers its reasonable attorneys' fees upon its compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: JOHN C. GEMMILL, Judge.

OROZCO, Judge, dissenting.

¶ 25 Because I agree with *BYS Inc. v. Smoudi,* 228 Ariz. 573, 578, ¶ 20, 269 P.3d 1197, 1202 (App.2012) and believe a party who has appeared when damages are liquidated is entitled to notice and an opportunity to be heard pursuant to Arizona Rule of Civil Procedure 55(b)2, I respectfully dissent.

¶ 26 A defendant in a civil action must respond within twenty days after service of the summons and complaint. Ariz. R. Civ. P. 12(a)(1)(A). If the defendant "has failed to plead or otherwise defend" within twenty days, the plaintiff may file an application for entry of default. Ariz. R. Civ. P. 55(a). The entry of default becomes effective ten days after the filing of the application, unless, within that time, the defendant pleads or otherwise defends. Ariz. R. Civ. P. 55(a)(2), (3).

¶ 27 After entry of default becomes effective, a plaintiff may file a motion for default judgment. Ariz. R. Civ. P. 55(b)1. If the defendant has not *appeared* in the action and the damages sought in the complaint are liquidated,[11] the court shall enter judgment on plaintiff's motion without conducting a hearing on damages. Ariz. R. Civ. P. 55(b)1. Pursuant to Arizona Rule of Civil Procedure 55(b)2, "[i]n all other cases," the plaintiff must apply for judgment and serve the defendant with written notice of the application for judgment at least three days prior to a hearing on the application. *See BYS Inc.,* 228 Ariz. at 577, ¶ 13, 269 P.3d at 1201. In other words, I read Rule 55(b)2 to require "a noticed hearing on an application for judgment when a party has: (1) *appeared,* regardless of whether the damages are liquidated or unliquidated; and (2) when a party has not appeared, and the damages are unliquidated." *Id.* at 578, ¶ 20, 269 P.3d at 1202 (emphasis added). Thus, if a defendant has appeared in the action,[12] the defendant is entitled to a three-day written notice of the hearing on the application for judgment. *BYS Inc.,* 228 Ariz. at 578, ¶ 20, 269 P.3d at 1202. The failure to give a defendant who has appeared in the action three days' notice of the hearing on the application for entry of a default judgment renders the resulting judgment void. *Id.*

---

**11.** Damages are "liquidated" under Rule 55(b) if "the amount sought by the complaint is for a sum certain or for a sum that can be computed with certainty." *BYS Inc.,* 228 Ariz. at 577, ¶ 13, 269 P.3d at 1201.

**12.** A party against whom default is entered loses the right to litigate the merits of the action but may still *appear* in the action to contest damages. *Tarr v. Superior Court,* 142 Ariz. 349, 351, 690 P.2d 68, 70 (1984); *BYS Inc.,* 228 Ariz. at 578, ¶ 19, 269 P.3d at 1202. Such *appearance* can occur after default has been entered. *See Tarr,* 142 Ariz. at 351–52, 690 P.2d at 70–71.

¶ 28 In this case, counsel for TrustCash filed a notice of appearance on February 16, 2010. The notice was an appearance for purposes of Rule 55(b)2 because it demonstrated TrustCash's knowledge that the case was in court and its submission to the court's jurisdiction. *See id.* at 578, ¶¶ 19–21, 269 P.3d at 1202; *Tarr,* 142 Ariz. at 351–52, 690 P.2d at 70–71. TrustCash's notice of appearance, however, did not constitute an answer or responsive pleading; therefore, TrustCash was properly subjected to default pursuant to Rule 55(a). *Ariz. Dep't of Revenue v. Superior Court ex rel. Ariz. Tax Court,* 165 Ariz. 47, 49, 796 P.2d 479, 481 (App.1990). The notice of appearance indicated that Trust-Cash appeared in the action and, therefore, was entitled to three days' notice of the hearing on Searchtoppers' application for default judgment. Because Searchtoppers did not serve notice of the Third Motion for Default Judgment on TrustCash, the judgment is void.[13] Accordingly, the court erred in not setting it aside pursuant to Rule 60(c). *See BYS Inc.,* 228 Ariz. at 578, ¶¶ 19–21, 269 P.3d at 1202.

¶ 29 The majority contends Rule 55(b)1 does not require notice if the damages are liquidated and default has been entered against defendant. In so arguing, the majority overlooks a key distinction drawn in Rule 55(b). While the rule does provide that when damages are liquidated "the Court. shall enter judgment for that amount and costs against the defendant," it specifically qualifies that the court shall do so "if the defendant has been defaulted for *failure to appear.*" Ariz. R. Civ. P. 55(b)1 (emphasis added). "In all other cases," which I take to mean cases in which the defendant has been defaulted for failing to *plead or otherwise defend* as set forth in Rule 55(a), the applica-

ble procedure for obtaining a default judgment is found in Rule 55(b)2. Indeed, Rule 55(b)2 explicitly contemplates the situation, as is the case here, in which "the party against whom judgment by default is sought has *appeared* in the action" and requires "that [the] party ... be served with written notice of the application for judgment at least three days prior to the hearing on such application." (Emphasis added). If we were to interpret Rule 55(b) 1 as the majority suggests, we would be holding that "appearance" and "plead and otherwise defend" have the same meaning. I reject such an interpretation.[14] *See In re Moises L.,* 199 Ariz. 432, 434, ¶ 6, 18 P.3d 1231, 1233 (App.2000) ("[W]e undertake to avoid rendering statutory language superfluous, void, contradictory, or insignificant." (internal quotation marks omitted)).

¶ 30 Accordingly, I believe that if a defendant has failed to *appear* and the damages are liquidated, a three-day written notice is not required. But, when a defendant has appeared and has been defaulted only for failing to *plead or defend,* then Rule 55(b)2 applies and a three-day written notice is required. " 'An appearance does not prevent a party from being in default for failure to plead or otherwise defend,' *Rogers v. Tapo,* 72 Ariz. 53, 57, 230 P.2d 522, 525 (1951), but it does require the entry of default judgment to occur by hearing as provided in Rule 55(b)(2)." *Estate of Lewis v. Lewis,* 229 Ariz. 316, 327, ¶ 34, 275 P.3d 615, 626 (App.2012).

¶ 31 In this case, according to the Affidavit of Default, TrustCash was defaulted for failing to "plead or otherwise defend." When TrustCash filed a notice of appearance, the notice was an *appearance* for purposes of Rule 55(b)2 because it demonstrated Trust-

---

**13.** In both the First and Second Motions for Default Judgment, Searchtoppers followed the correct procedure under Rule 55(b)2 by requesting a hearing on the motions and serving notice of the hearing on TrustCash. However, because judgment was entered on the Third Motion for Default Judgment without notice to TrustCash and without hearing, the judgment was not entered in accordance with the procedure described in Rule 55(b)2.

**14.** "Appearance" applies when the defendant recognizes that the case is in court and submits

himself to the court's jurisdiction. *Tarr,* 142 Ariz. at 351, 690 P.2d at 70 (citing *Austin v. State ex rel. Herman,* 10 Ariz.App. 474, 477, 459 P.2d 753, 756 (1969)). On the other hand, "plead" means "[t]o assert or allege in a pleading" and "defend" means "[t]o deny, contest, or oppose." Black's Law Dictionary (9th ed. 2009). In other words, appearance is just submitting oneself to the jurisdiction of the court, whereas plead and defend means a defendant opposes the allegations of the plaintiff by filing a responsive pleading.

Cash's knowledge that the case was in court and its submission to the court's jurisdiction. *See BYS Inc.*, 228 Ariz. at 578, ¶¶ 19–21, 269 P.3d at 1202; *Tarr*, 142 Ariz. at 351–52, 690 P.2d at 70–71. TrustCash was, therefore, entitled to three days' notice of the hearing on Searchtoppers' application for default judgment.[15] Accordingly, because Searchtoppers did not serve notice of the Third Motion for Default Judgment on TrustCash, the judgment is void and the court erred in not setting it aside pursuant to Rule 60(c). *See BYS Inc.*, 228 Ariz. at 578, ¶¶ 19–21, 269 P.3d at 1202.

¶ 32 The majority argues that *Tarr* is inapplicable because it dealt with unliquidated damages. However, *Tarr* does not indicate whether the damages were liquidated or unliquidated. Furthermore, the issue in *Tarr* was outlined as follows: "Does a purported answer, filed after an entry of default but before application for a default judgment, constitute an *appearance* entitling the defaulting party to notice of default judgment under Arizona Rules of Civil Procedure, Rule 55(b)(2)?" *Tarr*, 142 Ariz. at 350, 690 P.2d at 69 (emphasis added). This is precisely the issue in this case. Had our supreme court wanted to limit *Tarr* only to cases involving unliquidated damages, it would have done so.

¶ 33 Furthermore, in this case, Searchtoppers did not specify the amount of attorney fees requested. Rule 55(b)1 states

If the claim requests an award of attorneys' fees, but fails to specify the amount of such fees that will be sought in the event judgment is rendered by default, the judgment may include an award of attorneys' fees, if such an award is allowed by law and the reasonable amount therefor[e] is established by affidavit, where the defendant has not entered an appearance in the action.

The comment to this rule also states

A party desiring to preserve his right to prove the amount of reasonable attorneys' fees to which he is entitled at the time of default, without the limitation set by a

prayer for a specific amount, may plead entitlement to an unspecified reasonable amount of attorneys' fees with knowledge that he must proceed by hearing pursuant to 55(b)(2) upon default.

*See* Committee Comment to Ariz. R. Civ. P. 55(b) 1984 Amendment. Therefore, at a minimum, Searchtoppers was required to give TrustCash notice of the hearing pursuant to Rule 55(b)2 for the attorney fees.

¶ 34 Because I believe the matter should be remanded for a determination of damages and attorney fees, I would not reach the issue of whether the superior court abused its discretion in denying TrustCash's motion to vacate the default judgment. Also, I would not award Searchtoppers attorney fees or costs.

---

**15.** I also note that in its Third Motion for Default Judgment, Searchtoppers moved for judgment pursuant to Rule 55(b)2, which sets forth the procedure for obtaining judgment when the de-

fendant has appeared or when the damages are unliquidated. Thus, Searchtoppers' motion was made pursuant to authority that entitled TrustCash to three days' notice and a hearing.