NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

TRACY YOUNG, *Plaintiff/Appellant*,

*v.*

ORANGE COAST TITLE COMPANY; INTEGRATED LENDER
SERVICES, a Delaware corporation; CAPITAL ONE FSB,
*Defendants/Appellees*.

No. 1 CA-CV 15-0539
FILED 5-31-2016

---

Appeal from the Superior Court in Maricopa County
No. CV 2014-055008
The Honorable John R. Hannah Jr., Judge

**AFFIRMED**

---

COUNSEL

Tracy Young, Scottsdale
*Plaintiff/Appellant*

Coppersmith Brockelman, PLC, Phoenix
By John E. DeWulf, D. Andrew Gaona
*Counsel for Defendants/Appellees Orange Coast Title Company and Integrated
Lender Services*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

**¶1**         Tracy Young appeals the dismissal of his complaint against Orange Coast Title Company and Integrated Lender Services (collectively, "Defendants").  For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Young sued Defendants after Orange Coast recorded a substitution of trustee and notice of trustee sale for Young's Scottsdale residence.[1]  Young alleged Orange Coast was not the trustee and was not authorized to record the documents.  Count one of the complaint alleged that Defendants were asserting an interest in the property and had recorded false documents in violation of Arizona Revised Statutes ("A.R.S.") section 33-420.  Count two alleged "breach of trustee[']s obligation."

**¶3**         Defendants moved to dismiss for failure to state a claim upon which relief could be granted under Arizona Rule of Civil Procedure ("Rule") 12(b)(6).  Young did not file a response, and Defendants moved for summary disposition. *See* Ariz. R. Civ. P. 7.1(b) (Failure to respond "may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily.").  The trial court granted the motion to dismiss and awarded Defendants attorneys' fees.

**¶4**         Young filed a "motion to vacate judgment [for] lack of proper service" and/or "objection to dismissal," citing Rule 60(c).  Young claimed he was "unaware of ANY filings including the Motion to Dismiss, Summary Disposition, and Attorney's fees . . . ."   The trial court denied his motion. Young timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and –2101(A)(1).

---

[1]     Young also sued Capital One, but it is not a party on appeal, and the judgment at issue included a certification under Rule 54(b).

**DISCUSSION**

**¶5**        Young contends the trial court erred by denying his Rule 60(c) motion because he had no notice of the motion to dismiss until after it was granted.  He asserts that any neglect in failing to file a timely response was excusable, entitling him to relief under Rule 60(c).

**¶6**        We review a trial court's ruling on a Rule 60(c) motion for an abuse of discretion and will reverse only if there is "no evidence to support its conclusion or the reasons given by the court are clearly untenable, legally incorrect, or amount to a denial of justice." *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241, ¶ 20 (App. 2012).  To obtain relief under Rule 60(c)(1), a party must establish: (1) mistake, inadvertence, surprise or excusable neglect; (2) relief was promptly sought; and (3) a meritorious claim.  *See Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 89 (App. 1993).

**¶7**        Even accepting at face value Young's assertion that he had no notice of the motion to dismiss until after it was granted, he nevertheless failed to establish entitlement to relief.  Neither in the trial court nor on appeal has Young made any effort to demonstrate the substantive viability of his claims.  *See Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 393, ¶ 53 (App. 2012) (To obtain relief from judgment, movant "must demonstrate the existence of a prima facie defense to the entry of that judgment.").  Although Defendants pointed out Young's failure to substantively challenge the bases for their motion to dismiss when they responded to the motion to vacate, Young failed to even mention the merits of his claims in his reply.  Under these circumstances, the trial court did not err in denying the motion to vacate.[2]

---

[2]        For this same reason, Young is not entitled to relief under Rule 60(c)(6).  Moreover, under Rule 60(c)(6), the reason offered for setting aside the judgment cannot be one of the reasons listed in the five preceding clauses.  Young's arguments under both provisions of Rule 60(c) are the same.

**CONCLUSION**

**¶8**        We affirm the judgment of the superior court.  We award Defendants a reasonable sum of attorneys' fees incurred on appeal pursuant to A.R.S. § 33-807(E), as well as taxable costs, contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : AA