NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

PATRICIA R LAMBERT;
WILLIAM H LAMBERT, *Deceased*.

KURT TITTELBACH, *Petitioner/Appellee,*

*v.*

PATRICIA ANN JACOBS, *Respondent/Appellant,*

KAREN BEATTIE, *Appellee*.

No. 1 CA-CV 17-0198
FILED 2-6-2018

Appeal from the Superior Court in Maricopa County
No.  PB2015-051494
No.  PB2016-051336
(Consolidated)
The Honorable Andrew J. Russell, Commissioner

**AFFIRMED**

COUNSEL

Jaburg & Wilk, PC, Phoenix
By Lauren L. Garner, Kathi N. Sandweiss
*Counsel for Petitioner/Appellee*

Stinson Leonard Street, LLP, Phoenix
By Sharon Ng, Jennifer L. Allen
*Counsel for Respondent/Appellant*

Law Office of Jeffery S. Slater, P.C., Scottsdale
By Jeffery S. Slater
*Counsel for the Estate of William H. Lambert*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**M O R S E**, Judge:

¶1        Appellant Patricia Ann Jacobs ("Jacobs") appeals from the superior court's final judgment, which distributes the assets of decedent Patricia Lambert ("Patricia") and denies Jacobs' motion for reconsideration or to vacate judgment.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Patricia and her husband, William Lambert ("William"), executed the Last Will and Testament of William H. and Patricia R. Lambert in 2004 (the "Joint Will").  The Joint Will directed "[i]f William dies first, everything goes to Patricia.  If Patricia dies first, everything goes to William."  Pursuant to the Joint Will, in the event William and Patricia died simultaneously, other than specifically exempted items, one half of the estate would go to Jacobs, William's sister, and the other half would go to Mike Billings and Karen Beattie, Patricia's brother and niece.

¶3        In 2015, William executed the Last Will and Testament of William H. Lambert (the "2015 Will"), which revoked his part of the Joint Will.  Under the 2015 Will, William's assets were to pass into his separate Trust to be administered for the benefit of Patricia, and upon her death, the

2

remainder to be distributed to Jacobs. William died four days after executing the 2015 Will.

¶4        Patricia died in in the spring of 2016. A few months later, the superior court admitted the Joint Will to probate.

¶5        In November 2016, Patricia's personal representative, Kurt Tittelbach (the "PR"), a licensed fiduciary, filed a petition for instructions and requested a hearing to determine the proper devisees of Patricia's estate.[1] Jacobs received a copy of the petition.

¶6        The court set a hearing on the petition, and the PR filed a notice of hearing. The notice stated:

> **IF YOU OBJECT TO ANY PART OF THE PETITION OR MOTION THAT WAS PREVIOUSLY SENT TO YOU . . . YOU MUST FILE WITH THE COURT A WRITTEN OBJECTION DESCRIBING THE LEGAL BASIS FOR YOUR OBJECTION AT LEAST THREE (3) DAYS BEFORE THE HEARING DATE, OR YOU MUST APPEAR IN PERSON OR THROUGH AN ATTORNEY AT THE TIME AND PLACE SET FORTH IN THIS NOTICE OF HEARING.**

¶7        Two weeks before the hearing, the PR lodged a proposed form of Order on the petition (the "Order"). The Order directed that Patricia's assets, other than specifically exempted items, be distributed to Karen Beattie.

¶8        One week before the hearing, the attorney for William's estate, Stanna Michelle Slater, notified Jacobs' adult children that she had not been advocating in any way for or against Jacobs.[2] Slater also confirmed the Order would not provide Jacobs any of the assets in Patricia's estate and advised "if your mother desires to take a position with regard to [Patricia's]

---

[1] The Petition for Instructions provides two interpretations of the Joint Will: (1) Patricia's entire estate passes to Karen Beattie (Mike Billings predeceased Patricia) or (2) half of Patricia's assets pass to Karen Beattie and the other half to Jacobs. The Petition ultimately argues for the first interpretation and requests the court determine the proper devisee(s).

[2] Because Jacobs does not have a landline or internet service, Ms. Slater emailed with Jacobs' adult children, who relayed the information to Jacobs.

estate then your mother probably should consult legal counsel and act promptly." Jacobs admits she knew William's estate would not be advocating on her behalf at the hearing. Jacobs did not file an objection to the petition or the Order prior to the hearing and did not attend the hearing, either personally or through a representative.

**¶9** At the hearing, the court entered the Order after noting that "[t]his hearing has been properly noticed. We're ten minutes into it. No one showed up to object. No one's filed anything . . . ."

**¶10** The next month, Jacobs moved to reconsider or vacate the Order, requesting that the court find her failure to respond to the petition or appear at the hearing was a result of excusable neglect or mistake. The court denied Jacobs' motion.

**¶11** The court ultimately entered final judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 54(b). The final judgment determined that upon William's death, the couple's joint assets passed to Patricia by operation of law and denied Jacobs' motion to reconsider or vacate judgment.

**¶12** Jacobs timely appealed the final judgment.[3] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(9).

### STANDARD OF REVIEW

**¶13** We review both the superior court's denial of a motion for reconsideration and a motion to vacate for an abuse of discretion. *Tilley v. Delci,* 220 Ariz. 233, 238, ¶ 16 (App. 2009) (motions to reconsider); *Maher v. Urman,* 211 Ariz. 543, 550, ¶ 21 (App. 2005) (Rule 60 motions).

---

[3] Jacobs originally filed a premature notice of appeal from the Order and the unsigned minute entry denying her motion to reconsider or vacate. She then filed a motion to dismiss appeal without prejudice, which this court denied. We stayed the appeal and revested jurisdiction in the superior court to permit Jacobs to obtain an appealable order. Jacobs obtained the final judgment and filed it with this court.

**DISCUSSION**

**¶14**　　　　Jacobs argues that her mistaken belief that William's estate would represent her interests at the hearing constituted excusable neglect under Rule 60(b)(1); therefore, the superior court abused its discretion in denying her motion.

**¶15**　　　　The superior court may relieve a party from a final judgment based upon "excusable neglect." Ariz. R. Civ. P. 60(b)(1).[4] The standard for determining "excusable" conduct is whether the neglect or inadvertence would cause a reasonably prudent person to take the same action under those circumstances. *City of Phoenix v. Geyler*, 144 Ariz. 323, 331-32 (1985) (citing *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 120 (1957)). Neither ignorance of procedural rules nor mere carelessness constitutes excusable neglect. *Daou v. Harris*, 139 Ariz. 353, 359 (1984); *see also Searchtoppers.com, L.L.C. v. TrustCash LLC,* 231 Ariz. 236, 241-42, ¶¶ 22-23 (App. 2012) (determining that the defendant failed to demonstrate excusable neglect in regard to its failure to timely answer the complaint by offering evidence that it intended to forward the complaint to counsel, but failed to do so).

**¶16**　　　　In *General Electric Capital Corp. v. Osterkamp,* 172 Ariz. 185, 190 (App. 1992), the defendant failed to file an answer based upon a misunderstanding of the procedural rules, namely that if an answer was filed after the 10-day grace period provided for by Rule 55, but before a motion for entry of default judgment was filed, the answer would still be valid, the delay in the filing of the motion for entry of default having created an inadvertent extension. The superior court held that ignorance or misunderstanding of the rules did not constitute excusable neglect. *Id.* The court found "[t]here was no evidence from which the trial court could have concluded that counsel had a *reasonable* basis for believing that an extension existed." *Id.*

**¶17**　　　　Likewise, in this matter, the record lacks evidence that Jacobs' failure to advocate on her own behalf due to her belief that William's estate would act in her interests was reasonable. Jacobs does not dispute that she knew a week before the hearing that William's estate would not advocate on her behalf. William's counsel advised Jacobs, through her children, to

_____

[4] The current version of Rule 60(b)(1) was amended effective January 1, 2017. The relevant part of Rule 60(b)(1) is nearly identical to former Rule 60(c) and most of the excusable neglect case law refers to Rule 60(c).

"consult legal counsel and act promptly." Yet Jacobs still failed to object to the petition, appear at the hearing, or hire counsel to appear on her behalf. Such conduct was not reasonable or prudent. *Geyler*, 144 Ariz. at 331-32. Therefore, we find the court did not abuse its discretion in denying Jacobs' motion because Jacobs failed to demonstrate excusable neglect under Rule 60(b)(1).[5]

## ATTORNEYS' FEES AND COSTS

**¶18**      The PR requests an award of attorneys' fees pursuant to A.R.S. § 14-1105(A), arguing that Jacobs acted unreasonably by raising the issue of intent for the first time on appeal. After a review of the record, we conclude that Jacobs did raise the issue of William's intent in the superior court. Therefore, we decline to award attorneys' fees. We award costs to the PR upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶19**      We affirm the superior court's denial of Jacobs' motion to reconsider or vacate the final judgment.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[5] Jacobs also argues that the court erred in interpreting the Joint Will. Because we conclude that Jacobs failed to demonstrate excusable neglect, we do not need to consider the intent of William and Patricia.