NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAPOUR DC ONE LLC, *Plaintiff/Appellee*,

*v.*

JML ENERGY RESOURCES LLC, *Defendant/Appellant*.

No. 1 CA-CV 19-0195
FILED 2-25-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-052699
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Shein Phase Adkins, P.C., Scottsdale
By David E. Shein, Erik Daniel Smith
*Counsel for Plaintiff/Appellee*

Sanders & Parks, P.C., Phoenix
By Jasmina Richter, Vincent Miner
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**G A S S**, Judge:

¶1          JML Energy Resources, LLC (JML) appeals from the superior court's denial of its motion to set aside a default judgment in favor of LaPour DC One, LLC (LaPour). JML is not entitled to relief from the entry of default; however, JML was entitled to a hearing on damages because the amount stated in the complaint was not a sum certain or a sum that could be made certain by calculation. Accordingly, this court affirms the entry of default, vacates the judgment, and remands for a damages hearing.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          LaPour's claims arise from a 2011 lease it entered with Central State Shingle Recycling, LLC (CSSR) and CSSR's owner, Scott Yelton (Yelton). In 2014, the parties added JML as a lessee in an addendum to the original lease. Yelton and Jason McCullar (McCullar) are principals of JML.

¶3          On June 29, 2018, LaPour filed a complaint against JML, Yelton, McCullar, and CSSR (collectively, defendants). LaPour alleged defendants breached the lease terms by failing to (1) pay rent and other amounts due, (2) maintain the property in good repair, (3) comply with all applicable laws and ordinances, and (4) return the property to LaPour in the same condition it was received. Specifically, LaPour alleged defendants—in violation of federal and state law—placed, and then failed to remove, "approximately 200,000 tons of asphalt roofing shingles and associated roofing debris containing non-friable asbestos" on the property.

¶4          On July 17, 2018, LaPour personally served JML's statutory agent. LaPour personally served Yelton on July 29, 2018, and McCullar on August 13, 2018. Defendants did not timely answer the complaint. On August 15, 2018, LaPour applied for entry of default as to JML and provided notice to JML's statutory agent. JML did not move to set aside the

application for default. On August 29, 2018, the default against JML became effective.[1] *See* Ariz. R. Civ. P. 55(a)(4).

¶5        On September 7, 2018, JML moved to set aside the entry of default. After full briefing and oral argument, the superior court denied the motion without comment. LaPour then moved the superior court to enter a default judgment of $8,159,879.82 for unpaid rent and fees, remediation expenses, and attorney fees. JML objected to the entry of a default judgment without a damages hearing and moved for reconsideration of the order denying the motion to set aside entry of default. The superior court denied JML's motion for reconsideration without comment. Without a hearing, the superior court also found LaPour's claim was for a sum certain and entered judgment for $8,159,879.82 ($8,139,100.00 in damages and $20,779.82 in attorney fees).

¶6        JML moved to set aside the default judgment. The superior court denied the motion, again without comment. JML timely appealed. This court has jurisdiction under A.R.S. § 12-2101(A)(2). *See also Kline v. Kline*, 221 Ariz. 564, 568, ¶ 11 (App. 2009) (orders refusing to set aside a default judgment are appealable).

**ANALYSIS**

¶7        This court reviews the superior court's denial of a motion to set aside an entry of default or a default judgment for an abuse of discretion. *Richas v. Superior Court*, 133 Ariz. 512, 514-15 (1982). The superior court may set aside entry of default for good cause. *See* Ariz. R. Civ. P. 55(c). The good cause necessary to set aside an entry of default under Rule 55(c) "is the same as that required for relief from a judgment by default" under Rule 60(b). *Richas*, 133 Ariz. at 514. A motion to set aside a default judgment may be granted only if the moving party shows: (1) it acted promptly in seeking relief; (2) the failure to file a timely answer was due to mistake, inadvertence, surprise, or excusable neglect; and (3) it had a meritorious defense. *Daou v. Harris*, 139 Ariz. 353, 358-59 (1984); *Richas*, 133 Ariz. at 514.

I.        JML's failure to file a timely answer was not the result of excusable neglect.

¶8        A failure to answer is excusable "when the neglect or inadvertence is such as might be the act of a reasonably prudent person

---

[1] On September 5, 2018, LaPour applied for default as to Yelton. All defendants filed a response to the complaint two days later, curing Yelton's default. As such, this appeal deals exclusively with JML's default.

under similar circumstances, or when it involves a clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion." *Beal v. State Farm Mut. Auto. Ins. Co.*, 151 Ariz. 514, 518 (App. 1986). JML offers two reasons justifying its neglect: (1) JML's principals were not checking the mail at its North Carolina office because they were out of town on business; and (2) LaPour sent them an email suggesting they submit a detailed remediation plan by August 28, 2018. These reasons, standing alone or in concert, do not rise to the level of excusable neglect.

**¶9**        The parties' focus in their briefs on "culpability" under the analogous Federal Rules of Civil Procedure 55 and 60 is not instructive. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696-97 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Arizona courts have not adopted the federal "culpability" standard. Instead, Arizona courts consistently define good cause and excusable neglect as set forth in *Daou*, 139 Ariz. at 358-59, and *Richas*, 133 Ariz. at 514. This court, therefore, relies on Arizona precedent to determine whether JML acted with excusable neglect. *See State v. Goracke*, 210 Ariz. 20, 22, ¶ 9 (App. 2005) (Arizona courts are not bound by federal cases "absent a controlling constitutional consideration.").

**¶10**        Looking to Arizona law, the failure of JML's managers to monitor receipt of mail—even during a business-related absence—does not constitute excusable neglect, and the superior court did not abuse its discretion in rejecting this argument. JML's managers had actual knowledge of the lawsuit (through personal service on them individually), and further knew JML was a named party. Accordingly, they had reason to suspect or at least anticipate service of process on JML's duly-appointed statutory agent. As such, they had every reason to expect their deliberate failure to monitor business mail or, at a minimum, stay in phone contact with JML's statutory agent, and their failure to promptly retain counsel and timely file an answer would have adverse consequences for JML.

**¶11**        The failure of JML and its principals to act promptly under these circumstances is not the conduct of a reasonably prudent person, especially given the complaint sought $7,000,000.00 in damages. *See Daou*, 139 Ariz. at 359 ("mere carelessness is not sufficient reason to set aside a default judgment."). *See also Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241-42, ¶¶ 21-23 (App. 2012) (defendant's failure to send the complaint to his attorney until a week after he received the application for default was not excusable neglect).

¶12            JML's principals also could not reasonably believe they were in settlement negotiations with LaPour. Reliance on assurances from an opposing party may constitute excusable neglect justifying failure to act. *See Evans v. C & B Dev. Corp.*, 4 Ariz. App. 1, 2 (1966). A party, however, does not establish excusable neglect by relying on a unilateral subjective belief the opposing party is not going to pursue its rights in a pending action. *See Villalba v. Villalba*, 131 Ariz. 556, 557 (App. 1982). JML's failure to respond was not mere inadvertence. At best, JML's inaction was based on a unilateral belief or unreasonable assumption.

¶13            Yelton and McCullar say they reasonably believed no formal answer was necessary because they had until August 28 to offer a detailed remediation plan. Yelton and McCullar rely on an August 7 email from LaPour, which said:

> [Y]ou are both probably aware of the details in the complaint filed on behalf of LaPour DC One. Responding to the complaint is just the beginning of the effort and expense that will likely go on for some time and the result will be damaging in many ways for years to come.
>
> [LaPour] may consider working with you toward a settlement. If you are interested, I suggest you present a detailed plan outlining your plan to participate in the remediation no later than August 28, 2018 at a meeting in Phoenix.

¶14            The email does not suggest LaPour would dismiss the complaint, stay the litigation, or otherwise relieve defendants from the obligation to comply with the rules of civil procedure. Further, nothing in the email suggests LaPour was extending the deadline to answer. Indeed, it says filing an answer is "just the beginning." Later events make JML's reliance on the email even more unreasonable.

¶15            When McCullar met with LaPour in person on August 13, after having received this email, LaPour personally served hum with the complaint. LaPour's actions evidenced an intention to avail itself of all legal remedies at its disposal. JML also acknowledged LaPour made no attempt to negotiate a settlement at the August 13 meeting. Finally, even assuming the email can somehow be construed as providing an extension, that extension was plainly limited—and conditioned—on JML submitting a detailed remediation plan no later than August 28. JML failed to submit any remediation plan at all, let alone by the deadline imposed by LaPour. As

such, JML knowingly assumed the risk that LaPour would proceed and exercise all rights and remedies arising from JML's failure to timely defend, including pursuing the entry of default and a default judgment. Under these facts, JML reasonably should have understood LaPour did not intend to suspend the lawsuit to proceed with settlement talks.

¶16 If, as they claim, McCullar and Yelton actually believed they were in settlement negotiations and LaPour would not pursue default proceedings, their belief is belied by a complete lack of evidence. Because substantial evidence supports the superior court's ruling based on lack of excusable neglect, this court need not address whether JML acted promptly or offered a meritorious defense.

II.     LaPour's damages were not for a sum certain.

¶17 Courts may enter a default judgment without an evidentiary hearing on damages "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Ariz. R. Civ. P. 55(b)(1)(A). In all other cases, the defendant is entitled to a hearing to determine the amount of damages. Ariz. R. Civ. P. 55(b)(2)(D). *See also Searchtoppers.com*, 231 Ariz. at 239, ¶ 12.

¶18 Here, LaPour alleged JML was liable for the following damages: (1) unpaid rent and fees of $1,139,100.00; and (2) property restoration expenses of "not less than $7,000,000[.00]." LaPour further alleged the unpaid rent and fees continued to accrue. The property restoration expenses included the costs of debris removal, returning the property to its original leased condition, and "fines and levees [sic] from Defendants' misconduct."

¶19 JML argues it is entitled to an evidentiary hearing under Rule 55(b)(2) because the damages are not for a sum certain. JML is correct.

> A claim is not for a "sum certain" merely because it is for a specific amount. A contrary holding would permit almost any unliquidated claim to be transformed into a claim for a sum certain merely by placing a monetary amount on the item of claimed damage even though such amount has not been fixed, settled, or agreed upon by the parties and regardless of the nature of the claim.

*Beyerle Sand & Gravel, Inc. v. Martinez*, 118 Ariz. 60, 63 (App. 1977) (internal citation omitted).

¶20         The cost of property restoration expenses in the complaint is an unsubstantiated estimate. The complaint does not explain how LaPour calculated the cost of debris removal or the cost to return the property to its original condition. Similarly, the unverified complaint neither includes specific allegations—let alone admissible evidence—regarding these expenses, nor the various figures and dates needed to calculate the amount of unpaid rent and fees. *See, e.g.*, *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004). Moreover, LaPour failed to identify any violation citations by a government entity or detail what fines or fees were imposed or were owed. Bare allegations do not constitute admissible proof of liquidated damages. In sum, LaPour failed to establish its damages were for a sum certain or could be made certain by computation. The superior court, therefore, abused its discretion in denying JML a damages hearing. *See* Rule 55(b)(2).

## ATTORNEY FEES ON APPEAL

¶21         Both parties request an award of attorney fees on appeal under A.R.S. §§ 12-341 and -341.01 and the terms of the lease. Those terms allow the prevailing party in an action involving the leased property to recover reasonable attorney fees. Because both parties prevailed in part on appeal, we deny both requests for attorney fees.

## CONCLUSION

¶22         Because JML did not show it was entitled to relief under Rule 55(c) or 60(b), the superior court's entry of default is affirmed. Because LaPour's damages were not for a sum certain, the default judgment is vacated and remanded for a hearing on damages.



AMY M. WOOD • Clerk of the Court
FILED:  AA