NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STEPHANIE S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.G., S.G., E.D., *Appellees.*

No. 1 CA-JV 20-0153
FILED 11-24-2020

---

Appeal from the Superior Court in Maricopa County
No. JD36277
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

---

COUNSEL

Stephanie S., Phoenix
*Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1        Stephanie S. appeals from the superior court's ruling that she failed to demonstrate excusable neglect for the delay in filing her appeal from the court's order denying her motion to intervene in the superior court proceedings concerning her grandchildren.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Stephanie S. is the maternal grandmother of M.G., S.G., and E.D. ("the children").  In August 2018, while in the care of her parents Tiffani D. and Aaron D., two and one-half-year old E.D. suffered non-accidental blunt force trauma to and a severe laceration in her vagina.  E.D.'s parents denied that either of them had caused E.D.'s injuries.

¶3        DCS removed the children, and in 2019, the superior court held a trial on DCS' dependency and termination petitions.  In October 2019, the superior court adjudicated the children dependent and terminated Tiffani D.'s parental rights to the children, Aaron D.'s parental rights to E.D., and the parental rights of S.G.'s and M.G.'s father.

¶4        In February 2020, Stephanie S. filed a motion to intervene, seeking custody of the children and to adopt them.  DCS and the children's guardian ad litem objected to the motion to intervene, and on April 21, 2020, the court denied it.  The court found that Stephanie S.' motion to intervene was untimely and that allowing her to intervene was not in the children's best interests.[1]

¶5        On May 7, 2020, sixteen days after the court filed its order, Stephanie S. filed an untimely notice of appeal.  A week later, this court filed an order explaining that because the notice of appeal was untimely, we lacked jurisdiction except to dismiss the appeal.  However, we stayed the appeal and remanded to the superior court to conduct proceedings to determine whether the untimely filing should be excused.  Stephanie S.

---

[1]      Stephanie S. initially served as a safety monitor for the children but she violated the safety plan and they were removed from her care. Stephanie S. testified on behalf of Tiffani D. and Aaron D. at the trial and gave testimony the superior court characterized as "blatantly untruthful." The court found, "It is clear [Stephanie S.'] untruthful testimony was solely offered to help the parents and not to protect [E.D.] whom one or both had abused."

then filed a pleading in the superior court acknowledging her notice of appeal was one day late and that she had received the April 21 order ten days before filing her notice of appeal on May 7.

**¶6**        At a hearing, Stephanie S. told the court that her notice of appeal was late because she had not been expecting the April 21 ruling, which she acknowledged receiving on April 23.  In June 2020, the superior court ruled that Stephanie S. failed to demonstrate excusable neglect, finding a reasonably prudent person would not have delayed in filing the appeal, regardless of whether the court's ruling was "unexpected." Stephanie S. timely appealed from the June 2020 order.  This court issued an order reinstating the appeal, noting that we lack jurisdiction to consider Stephanie S.' appeal regarding her motion to intervene, and "[Stephanie S.'] appeal will . . . be limited to review of the superior court's June [2020] ruling."  We have jurisdiction to consider the superior court's June 2020 ruling pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2), which permits an appeal "[f]rom any special order made after final judgment."

## DISCUSSION

**¶7**        Stephanie S. argues the superior court erred by finding her late notice of appeal was not the result of excusable neglect.  Arizona Rule of Procedure for the Juvenile Court ("Rule") 104(A) provides that a notice of appeal in a superior court matter must be filed "no later than 15 days after the final order is filed with the clerk."  Rule 108(B) provides that the superior court may excuse a late notice of appeal if the failure to timely file resulted from excusable neglect. We review the denial of a motion to extend the deadline for the filing of an appeal for an abuse of discretion. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008); *see also Daou v. Harris*, 139 Ariz. 353, 360 (1984) (whether excusable neglect exists is a question directed to the sound discretion of the trial court).

**¶8**        Generally, neglect may be excusable if (1) a party did not receive notice of the order, (2) the party promptly filed a motion for relief, (3) the party exercised due diligence in attempting to be informed of the decision, and there is no prejudice to other parties. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985).  To establish excusable neglect, a party seeking relief must demonstrate that the party's actions were those of a reasonably prudent person under the circumstances. *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 241, ¶ 22 (App. 2012).  "[M]ere carelessness is not a sufficient reason." *Id.* (internal quotations and citation omitted).

**¶9** Stephanie S. acknowledges that she received the superior court's April 21 order "several days" after it was mailed to her. She argues that the court should have found excusable neglect because she was "unrepresented by counsel and given an unexpected order." Stephanie S. argues that she would have had fifteen days instead of twelve to file her notice of appeal had she been represented by counsel because an attorney would have received the order electronically.

**¶10** We find no abuse of discretion. Although Stephanie S. claimed that she was surprised by the ruling, she admitted she had actual knowledge of the superior court's order on April 23. She then waited until May 7 to file her notice of appeal. The only excuse Stephanie S. offered the superior court for failing to file the notice of appeal on time was that she did not expect the ruling, received it by mail instead of electronically, and "inadvertently misapplied the law thinking that she had the additional time to file based on the mailing of the order." Unrepresented litigants are held to the same standard as represented parties and must also follow procedural rules. *See Kelly v. NationsBanc Mortg. Co.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). On this record, we cannot find that the superior court abused its discretion by finding that Stephanie S. failed to establish excusable neglect.

## CONCLUSION

**¶11** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4