NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IMH FINANCIAL CORPORATION, a Delaware
corporation; EDILIA PROPERTIES, LLLP, an Arizona
limited liability limited partnership; and RIO VERDE
120 LIMITED LIABILITY COMPANY, an
Arizona limited liability company,
*Plaintiffs/Appellees*,

*v.*

RECORP-NEW MEXICO ASSOCIATES III,
LP, a New Mexico limited partnership,
*Defendant/Appellant*.

No. 1 CA-CV 16-0589
FILED 7-23-2019

Appeal from the Superior Court in Maricopa County
No.  CV2016-001298
The Honorable Michael L. Barth, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Snell & Wilmer, LLP, Phoenix
By Christopher H. Bayley, Benjamin W. Reeves
*Counsel for Plaintiffs/Appellees*

Jaburg & Wilk, PC, Phoenix
By Neal H. Bookspan, Laura Rogal
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O H N S E N**, Judge:

**¶1**        Recorp-New Mexico Associates III, LP ("Recorp") appeals the superior court's denial of its motion to set aside default judgment in favor of IMH Financial Corporation ("IMH"), Edilia Properties, LLLP ("Edilia"), and Rio Verde 120 Limited Liability Company ("Rio Verde") (collectively "Plaintiffs").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In February 2016, IMH filed a derivative action against Recorp on behalf of Recorp Partners, Inc. ("RPI"), which is wholly owned by Stockholder, LLC ("Stockholder").  IMH alleged it is the sole owner of Stockholder.  RPI is the general partner of Recorp; IMH claimed Recorp breached an agreement to pay management fees to RPI.  Edilia and Rio Verde joined IMH's Verified Complaint, alleging Recorp breached separate note obligations owed to them.

**¶3**        Recorp did not timely answer or respond to the complaint. Plaintiffs applied for entry of default, and, after entry of default, they moved for entry of default judgment.  On May 9, 2016, the superior court entered default judgment against Recorp in amounts totaling $2,001,882.99.

**¶4**        On June 9, 2016, Recorp moved to set aside the default judgment under Arizona Rule of Civil Procedure 60(b).[1]  It asserted its failure to respond to the complaint was the result of excusable neglect because it had no money on hand to hire a lawyer to defend it and raising money from its limited partners took time.  Recorp also asserted it had several meritorious defenses: It challenged IMH's standing to bring a

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.  Recorp's motion cited Rule 60(c), but that provision was renumbered to Rule 60(b) in 2017.  The substance of the rule was unchanged.  *See Gonzalez v. Nguyen*, 243 Ariz. 531, 532, ¶ 1, n.1 (2018).

derivative action on behalf of RPI, asserted IMH failed to show that Recorp had not been paid for services it performed, and argued Plaintiffs had failed to produce notes or other loan documents establishing the other debts. Recorp also argued Plaintiffs were receiving a large windfall "without having to do anything more than file a lawsuit." After oral argument, the court issued an order denying Recorp's motion.

¶5        Recorp timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

### A.        General Principles.

¶6        We review the superior court's denial of a motion to set aside a default judgment for abuse of discretion. *See Daou v. Harris*, 139 Ariz. 353, 359 (1984). While the law favors deciding cases on the merits, "trial judges are in a much better position than appellate judges to determine" matters such as "excusable neglect or a substantial and meritorious defense." *Id.* "Thus, trial courts are given broad discretion [in ruling on a motion to set aside a default judgment] and we will not upset a trial court's decision absent a clear abuse of that discretion." *Id.*; *Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶ 11 (2018).

¶7        A party moving to set aside a default judgment under Rule 60(b) must show (1) it acted promptly in seeking relief; (2) its failure to file a timely answer was excusable under one of the six subdivisions of Rule 60(b); and (3) it had a meritorious defense. *Daou*, 139 Ariz. at 358-59. To prevail, the moving party must show "some substantial evidence" that it is entitled to relief. *See Richas v. Rozar*, 133 Ariz. 512, 514 (1982) (quotation omitted).

¶8        Because the superior court's order did not explain its reasoning, we do not know the court's actual reason or reasons for denying Recorp's motion.[2] But after reviewing the record, we conclude the court

---

[2]        We do not know whether the superior court explained its reasoning on the record at the conclusion of the oral argument because Recorp failed to make the transcript of the proceeding part of the record on appeal. When a party does not provide us with a transcript, "we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Blair v. Burgener*, 226 Ariz. 213, 215, 217, ¶¶ 1, 9 (2010).

reasonably could have found that Recorp failed to establish either excusable neglect or a meritorious defense (or both), and thus, the court did not abuse its discretion in denying the motion.

**B.      Excusable Neglect.**

**¶9**           Recorp argues it failed to respond to the complaint due to "excusable neglect," one of the permitted grounds for relief. *See* Ariz. R. Civ. P. 60(b)(1). Excusable neglect "is such as might be the act of a reasonably prudent person under similar circumstances." *Daou*, 139 Ariz. at 359.

**¶10**         The only evidence Recorp offered in support of its "excusable neglect" argument was an affidavit executed by Donald Hulke, President of RPI, the general partner of Recorp. There, Hulke asserted that Recorp had no money to defend IMH's lawsuit and stated that because "[t]he limited partners . . . have been unwilling to participate in capital calls," Recorp "had to look to the limited partners to personally loan funds to [it] to defend against the IMH lawsuit." The affidavit also stated generally that the only means Recorp had to contact its limited partners was by mail, and because its contact information for its limited partners was out-of-date and some may have died, communicating with the limited partners was difficult. Finally, the affidavit stated that Hulke "asked IMH for a twenty-day extension to file [Recorp's] Answer, so that [Hulke] could again communicate with the limited partners of Recorp III and try to obtain funding to defend against the lawsuit," but IMH denied the request.

**¶11**         Recorp cites no authority for the proposition that an entity's inability to afford a lawyer to defend it may constitute excusable neglect under Rule 60. But even accepting that premise for purposes of argument, the Hulke affidavit did not demonstrate that Recorp made reasonable efforts to raise money to hire a lawyer. The affidavit offered no facts regarding the timing or nature of any efforts it made to raise funds for its defense. In place of specific facts showing its efforts, the affidavit offered broad generalizations. For example, the affidavit stated that "[i]t is difficult to locate legal heirs of deceased limited partners, or of limited partners who have moved," and it "takes time" to communicate by mail, but did not state what Recorp actually did to contact the limited partners or when it did so.

**¶12**         Recorp also argues IMH effectively "manufactured" Recorp's inability to hire counsel by causing RPI to refuse to give Recorp money for a lawyer. Recorp asserts that "[t]he conduct of IMH was not only methodical in its scheme, but also diabolical for the swiftness of execution

and the unwavering refusal to accommodate, in any way, the known infirmities of Recorp." But Recorp cites no legal authority for the proposition that, as general partner, RPI was obligated to pay for a lawyer for Recorp. Nor does Recorp offer authority for its assertion that IMH was obligated to cause RPI to fund the defense or was obligated to allow Recorp an indefinite extension of time to raise the money itself.

**¶13**         Under these circumstances, the record supports the superior court's denial of Recorp's motion based on Recorp's failure to demonstrate that it acted reasonably under the circumstances.[3]

**C.    Meritorious Defense.**

**¶14**         To show a meritorious defense, a moving party must show "facts which, if proven at trial, would constitute a meritorious defense." *Gonzalez*, 243 Ariz. at 534, ¶ 12 (quoting *Union Oil Co. of Cal. v. Hudson Oil Co.*, 131 Ariz. 285, 289 (1982)). While the evidence of a meritorious defense need not be "new evidence" or in a particular form such as an affidavit or deposition, there must exist somewhere in the record "some legal justification for the exercise of the power, some substantial evidence to support it." *Gonzalez*, 243 Ariz. at 534, ¶¶ 12-13 (quoting *Richas*, 133 Ariz. at 514).

**¶15**         On this issue, Recorp first argues that "IMH's derivative status is contestable" and "IMH may lack capacity to sue Recorp" because "[t]he record does not reflect that IMH has proven that it meets" standing requirements or that it followed the demand process of A.R.S. §§ 10-3631 (2019) and -3632 (2019).[4] But Recorp has failed to cite any specific

---

3       We note that Recorp could have looked into hiring an attorney for the limited purpose of asking the court for more time to respond—the kind of step a reasonably prudent person might have taken to avoid missing a court deadline. *See* Ariz. R. Civ. P. 6(b)(1) (time extensions for good cause); *see also* Ariz. R. Sup. Ct. 42, ER 1.2(c) (allowing lawyers to provide limited-scope representation if reasonable under the circumstances).

4       The statutes Recorp cites govern Arizona corporations and do not necessarily establish the standing and demand requirements applicable here. Stockholder is an Arizona limited liability corporation; the requirements to bring a derivative suit asserting the rights of an Arizona limited liability corporation are set out in A.R.S. § 29-831 (2019). RPI is a Delaware corporation; derivative suits asserting its rights are governed by

requirement that it contends IMH failed to meet and has not otherwise explained its argument. Because Recorp has failed to raise the issue of IMH's derivative status with any specificity, the issue is waived. *See Winters v. Ariz. Bd. of Educ.*, 207 Ariz. 173, 177, ¶ 13 (App. 2004).

**¶16** Recorp next argues that "IMH did nothing to prove the existence of its damages." But the affidavit attached to Plaintiffs' motion for entry of default judgment met the "sum certain" requirements for entry of default judgment. *See* Ariz. R. Civ. P. 55(b)(1)(A) ("If the plaintiff's claim is for a sum certain . . . the court—on the plaintiff's motion, with an affidavit showing the amount due and without a hearing—may enter judgment for that amount."). Therefore, the burden was on Recorp to offer evidence contradicting Plaintiffs' claimed damages. Because Recorp did not offer facts to contradict the figures in Plaintiffs' affidavit, Recorp failed to raise a meritorious defense with respect to damages.

**¶17** Recorp also argues it has a meritorious defense because Plaintiffs failed to produce various documents establishing their claims. But again, Plaintiffs' "sum certain" affidavit, along with the verified complaint, were sufficient evidence of Recorp's breaches and Plaintiffs' resulting damages; Plaintiffs had no burden to produce other documents or otherwise prove their claims in response to Recorp's motion for relief from the default judgment. *See* Ariz. R. Civ. P. 55(b)(1)(A) (containing no requirement to attach supporting documents to the affidavit to establish the amount due). Recorp also argues that RPI may not have provided the services for which IMH sued for compensation and asked the superior court that Recorp "be allowed to explore and prove" that defense at trial. But Recorp failed to support this contention with any facts. Its unsupported argument in its brief cannot constitute a meritorious defense. *See United Imports*, 134 Ariz. at 46 (lawyer's conclusion "carries no weight").

**¶18** Nor do the facts Recorp did include in its affidavit establish a meritorious defense to the claims in the complaint. In his affidavit, Hulke stated only that he "ha[s] not seen an executed copy of a promissory note or other loan documentation" establishing the Edilia or Rio Verde debts, and that to his knowledge, Recorp "is not in possession" of documents establishing those debts. Neither assertion establishes an affirmative defense to a breach of contract claim nor negates any element of breach; if the fact that Hulke had not *seen* or Recorp did not *possess* documents could

---

Delaware law. *See* A.R.S. § 10-3637 (2019) (derivative proceedings concerning foreign corporation governed by the laws of that corporation's jurisdiction of incorporation).

constitute a defense to breach, Recorp could avoid liability by having its general partner avoid looking at the contracts or by discarding them. *Cf. Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96, ¶ 16 (2013) (elements of breach of contract claim are (1) existence of the contract; (2) breach; and (3) resulting damages).

**¶19** Finally, Recorp argues that the superior court abused its discretion because it granted plaintiffs a windfall even though "[n]othing in the record indicates that IMH has incurred damages at all, let alone in such a large amount." Again, however, Plaintiffs' affidavit was sufficient to establish damages for purposes of a default judgment. *See* Ariz. R. Civ. P. 55(b)(1)(A). Although a court may consider the amount of a damages award as one factor, among others, in deciding to set aside a judgment, *see Amanti Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 433, ¶ 10 (App. 2012), simply pointing out that the award is large, without more, does not create a meritorious defense.

## CONCLUSION

**¶20** For the foregoing reasons, we hold the superior court did not abuse its discretion in denying Recorp's motion to set aside entry of default judgment. We therefore affirm the superior court's order. We award Plaintiffs their costs on appeal and, pursuant to A.R.S. § 12-341.01 (2019), their reasonable attorney's fees, both conditioned upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA